INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY V.
ANGELINA HALL ET AL.

Decided April 20, 1904.

**1.—Evidence—Sale of Railroad.**

The fact of the sale of a railroad by one company to another may be proved by parol though the contract was in writing.

**2.—Same—Judicial Knowledge—Special Law.**

The courts being required to take judicial knowledge of the special law under which the International & Great Northern Railroad Company purchased the road of the Calvert, Waco & Brazos Valley Railway Company, know therefrom that the purchaser assumed the liabilities of the selling road.

**3.—Railway in Street—Right of Pedestrian—Charge.**

Pedestrians are not chargeable with negligence in walking on a railway track located along a public street except where circumstances show a lack of ordinary care in so doing; and it was proper to charge that they had an equal right with the railway to use such street.

**4.—Railway in Street—Negligence—Speed—Signals—City Ordinance.**

Running an engine along a public street at a speed prohibited by, or omitting signals required by a city ordinance is negligence in law; in the absence of proof of the ordinance negligence in high speed or omission of signals is a question of fact.

**5.—Evidence—City Ordinance—Published Pamphlet.**

The ordinances of a city incorporated under the general law can not be proved by the introduction of a pamphlet purporting to contain them without other proof that it was published by authority of the city council than a printed statement on the back of the pamphlet; neither article 558 nor article 2304 of the Revised Statutes authorizes ordinances to be so proved.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

*N. A. Stedman, Martin & Eddins,* and *Waller S. Baker,* for appellant.

*Rice & Bartlett,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by Angelina Hall for herself and as the next friend of her minor children against the appellant for damages resulting from the death of Dave Hall, her husband and father of the minors, alleged to have been carelessly and negligently killed by one of appellant's locomotives running over him when operated along its line of road in one of the public streets of the town of Marlin, Falls County.

Appellant pleaded general demurrer and general denial and contributory negligence. Verdict and judgment were in favor of appellees for $5000 actual damages. The appellant has appealed.

It appears from the facts that the deceased, Dave Hall, while walking on the railroad track, which was located on one of the public streets of the city of Marlin, was killed by one of the engines of appellant, to which was attached a tender, backing over and against him. At the time of the accident the railroad in question was known as the Calvert, Waco & Brazos Valley Railway. A special act of the Legislature, of

35 Civ—35

which the courts will take judicial notice, by its terms empowered and authorized the International & Great Northern Railroad Company to purchase the Calvert, Waco & Brazos Valley Railway, and made the purchasing road liable and responsible for all the liabilities of the road purchased.

There is parol evidence in the record that subsequent to the accident the International & Great Northern Railroad Company had purchased the Calvert, Waco & Brazos Valley Railway. The appellant by an assignment of error complains of this evidence on the ground that parol testimony of the purchase was not admissible. We can not agree with this contention. If the witnesses who testified to the fact knew of the purchase of the defaulting road, by the International, we see no reason why such testimony should not be admitted.

The second proposition urged by the appellant under the assignments that raise this question is to the effect that if the purchase was established, there was no evidence of the liability of the International road for the acts of negligence of the Calvert, Waco & Brazos Valley Railway Company. The act of the Legislature under which the International acquired this road makes the former liable and responsible for the liabilities of the road so purchased, and this act the courts will take judicial knowledge of.

Without discussing appellant's twelfth and thirteenth assignments of error, we are content with the statement that they should be overruled, for in our opinion the verdict is not excessive, and the facts are of such a character that the jury was authorized to draw the conclusion that the deceased was not necessarily guilty of contributory negligence at the time he was killed. The railroad in question was located along one of the used and traveled streets of the city of Marlin. The court instructed the jury that pedestrians had the equal right with appellant to use the street. We understand this to be the law. The public have the equal right with the railway company to the use of the streets, and a proper use of the street by a pedestrian would not necessarily charge him with contributory negligence, unless the circumstances were such as to indicate to a man of ordinary prudence that the use of the street at the particular time and place so used would be attended with danger. It was proper for the court to instruct the jury as to the right of the public being equal to that of the railway company, subject, however, to the qualifications just stated.

The charges complained of in the third and fourth assignments of error were evidently predicated upon the idea that there were valid ordinances of the city of Marlin which required those operating locomotives along the public street to continue to ring the bell and not to cause the engine to exceed a speed of four miles an hour. If such ordinances existed it was proper for the court to instruct the jury that the failure to comply with them in the respects pointed out would constitute negligence; subject, however, to the qualification that such negligence would not be actionable unless the breach or violation of such ordinances con-

tributed to the accident. If no such ordinance existed, then the court, if the pleadings and the facts authorized it, could instruct the jury that the failure to ring the bell, or causing the engine to be run at a dangerous rate of speed, under the circumstances, might constitute negligence. If, under the circumstances, ordinary caution and prudence would suggest to those operating the engine that the safety of the public or some member thereof would, in the exercise of ordinary care, require the bell to be rung or the engine to be propelled at a moderate rate of speed, then such issues should be submitted, although there were no ordinances that required these things to be done.

We are inclined to the opinion that the charge of the court as criticised in the fifth and eighth assignments of error is possibly subject to the objections urged, but the phraseology of which will doubtless upon another trial be charged so as to meet these objections.

The ninth assignment of error is well taken. The document attached to the transcript, which purports to be a pamphlet or book containing the ordinances of the city of Marlin, was not admissible as evidence without proof of the fact that the book or pamphlet was printed and published by the authority of the city council. The mere statement upon the back of the book that it was a digest of the ordinances of the city of Marlin is not evidence of the fact that the book was printed and published by authority of the city council. When such fact is shown, then it would be properly admissible as evidence. We can not take judicial knowledge of the ordinances of a city incorporated under the general laws authorizing the incorporation of towns and cities, such as is the case of the city of Marlin; for it is held in City of Austin v. Walton, 68 Texas, 509, that such ordinances must be alleged and proved, like other facts. Brush Elec. & P. Co. v. Lefevre, 93 Texas, 607. Article 558 of the Revised Statutes provides that all ordinances of cities, where printed and published by authority of the city council, shall be admitted and received in all courts and places without further proof. There was no evidence offered and introduced tending to establish the fact that the document embodying the ordinances was printed or published by authority of the council. This article can not be aided by article 2304 of the Revised Statutes, because the latter article does not touch this question, as it merely provides a rule for proving the laws of this State, United States and Territories, sister States and foreign countries.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction June 16, 1904, Hall v. International & G. N. Ry. Co., 98 Texas, 100. The application was by appellees, on the ground that the decision overruled Galveston H. & S. A. Ry. Co. v. Washington, 25 Texas Civ. App., 600.