Angeline Hall et al. v. International & Great Northern
Railroad Company.,

Application No. 4299.   Decided June 16, 1904.

**Evidence—City Ordinance—Cases Distinguished.**
    The ruling of the Court of Civil Appeals herein (holding inadmissible
in evidence, without further proof, a pamphlet purporting to be published
by authority of the council of a city incorporated under the general law
and to contain the city ordinances) distinguished from that in Galveston
H. & S. A. Ry. Co. v. Washington, 25 Texas Civ. App., 600 (which involved
the effect of provisions of the special charter of the city of Houston), and
held not to be such an overruling of that case as to give the Supreme Court
jurisdiction.   (Pp. 100, 101.)

Application for writ of error to the Court of Civil Appeals for the
Third District, in an appeal from Falls County.

On appeal by the defendant railway company from a judgment recov-
ered by Hall and others in the District Court, the judgment was re-
versed and the cause remanded; whereupon appellees, the plaintiffs
below, applied for a writ of error on the ground that the decision over-
ruled a previous decision by the court of the First District.

*Rice & Bartlett,* for applicants.

GAINES, Chief Justice.—This is a suit to recover damages for
injuries resulting in death for. which the plaintiffs recovered a judg-
ment.   The case was reversed and remanded by the Court of Civil Ap-
peals.   A petition for a writ of error has been filed, and as a ground
to show jurisdiction in this court it is alleged that the decision of the
Court of Civil Appeals in this case overrules the decision of the Court
of Civil Appeals for the First Supreme Judicial District in the case of
the Galveston, Harrisburg & San Antonio Railway Co. v. Washington,
25 Texas Civ. App., 600.   In this case the plaintiff offered in evidence
a copy from a pamphlet, purporting to contain the printed ordinances
of the city of Marlin and to have been published by authority of the
city council, of an alleged ordinance of the city imposing certain duties
upon railroad companies in running their trains through the city.   Over
the objections of the defendant the copy of the alleged ordinance was
admitted in evidence without further proof; and this action was held
by the Court of Civil Appeals to be erroneous.

The city of Marlin is incorporated under the general laws of the State.

In Railway Co. v. Washington it was held that a copy of an ordinance
of the city of Houston taken from a printed book which purported to
be published by authority of the city council was properly admitted in
evidence, without proof that the publication had been authorized by
the council.   The general law provides: "All ordinances of the city,
where printed and published by authority of the city council, shall be
admitted and received in all courts and places without further proof."

Rev. Stats., art. 558.   The provision as to the like subject matter in
the special charter of the city of Houston, which was construed in the
case of Railway Co. v. Washington, reads as follows: "Sec. 36.   *   *   *
And it shall be the duty of the city council, within six months after the
passage of this charter, to have compiled, printed and published in book
form, convenient of access by all citizens, all the ordinances of the city
which may at the time be in force, and all such ordinances not so pub-
lished shall thereafter become void.   Sec. 53.   And in all judicial pro-
ceedings it shall be sufficient to plead any ordinance of the city by cap-
tion without embodying the entire ordinance in the pleadings, and all
printed ordinances or codes of ordinances shall be admitted in evidence
in any suit, and shall have the same force and effect as the original
ordinance."   In the special charter construed in the case last cited, it
was made the duty of the city council to publish within a specified time
all ordinances in force in the city, in order to preserve their validity,
from which the court might not without reason conclude that a book
or pamphlet purporting to be a copy of such ordinances and to have
been authoritatively published, was an authorized publication.   The pre-
sumption must be indulged that the city council had performed the duty
demanded of it and had caused a publication to be made.   Under the
general law the case is different.   Article 558, Revised Statutes, merely
authorizes the city council to cause the ordinances to be published and
does not make it their duty to do so.   Therefore in order to presume,
from the mere fact that a pamphlet is produced which purports to have
been published by authority of the city council of a city incorporated
under the general law, that it was in truth so published, we would have
to presume two other facts: first, that the council had authorized the
publication, and second, that this was the publication so authorized.
Certainly this would require one step further in the line of presumptions
than was required under the provision of the Houston charter just
quoted.

Besides, since the law made it the duty of the city council of Houston
to cause its ordinances to be published under the penalty of their be-
coming of no effect, the Legislature may have concluded that this duty
would certainly be performed, and that therefore no one would under-
take their publication as a private enterprise.

We also call attention to the difference in the language of the two
provisions under consideration.   The language of the general law is,
"All ordinances of the city, where printed and published by authority of
the city council, shall be admitted," etc.   That of the special charter is,
"All printed ordinances or codes of ordinances shall be admitted," etc.,
omitting the words, "where printed and published by authority of the
city council."

For these reasons we are of the opinion that the questions in the two
cases are distinguishable, and that the decision of the Court of Civil
Appeals in this case did not overrule the decision of the Court of Civil
Appeals for the First Supreme Judicial District in the former case.

We therefore conclude that we are without power to grant or refuse the application for the writ of error here presented.

Being without jurisdiction over the case, neither have we undertaken to decide, nor do we decide, whether the rulings in either or both of the cases are correct.

The application is dismissed for want of jurisdiction.

*Application dismissed.*