**FIRST STATE BANK OF BIG SPRING v. WOOD. (No. 1360.)**

(Court of Civil Appeals of Texas. El Paso. June 1, 1922. Rehearing Denied June 22, 1922.)

1. **Garnishment** ⬸178—**Writ designating garnishee as party against whom original judgment was rendered will not support a judgment against garnishee by default.**

Garnishment writ designating the garnishee as the party against whom the original judgment was rendered will not support a judgment by default against the garnishee under Rev. St. 1911, arts. 274, 276, relating to requirements of writ.

2. **Garnishment** ⬸187—**Denial of garnishee's motion to set aside default judgment held abuse of discretion.**

Where default judgment was rendered against a nonresident garnishee because of garnishee's failure to answer at the first term, the denial of the garnishee's motion for a new trial not filed within the statutory two-day period after rendition of judgment, but within the same term of court and at such time that the cause might have been heard upon its merits at such time, alleging that garnishee's counsel did not know that the statute which permitted a nonresident to answer at the second term of court had been changed by the last Legislature and denying any indebtedness to defendant, *held* abuse of discretion in view of evidence that the garnishee insisted that the answer be prepared and filed at the first term, and that the attorney's failure to so do was not due to lack of diligence on the part of the garnishee; the motion containing all the requisites of a bill of review in equity to set aside a default judgment.

Appeal from Mitchell County Court; J. C. Hall, Judge.

Action by A. R. Wood against S. M. Pike, in which the First State Bank of Big Spring was garnishee. A default judgment was rendered for the plaintiff against the garnishee, and it moved for a new trial and in arrest of judgment. The motion was overruled, and the garnishee appeals. Reversed and remanded.

Royall G. Smith, of El Paso, and H. R. Debenport, of Big Spring, for appellant.

Thomas J. Coffee, of Colorado, Tex., and Clyde E. Thomas, of Big Spring, for appellee.

HARPER, C. J. Appellee, A. R. Wood, having secured a judgment against S. M. Pike in county court of Mitchell county, Tex., for the sum of $362.50, with interest and costs, sued out a writ of garnishment against appellant in Howard county, Tex., returnable to and served in time for the July term of court, to wit, July 4, 1921.

Appellant failed to answer, and judgment was taken by default July 5th. At the same term, on August 4th, motion for new trial and arrest of judgment were filed and for grounds set up that the writ of garnishment served was defective in that it recited that the First State Bank of Big Spring, Tex., was defendant in the original suit, and required said bank to answer as to what it was indebted to S. M. Pike, which was a fatal variance from the application, for the writ therefore conferred no jurisdiction on the court to render judgment against the garnishee; second, that it employed an attorney to prepare an answer; that one was prepared and forwarded to the clerk of said court to be filed, but which was afterwards by its said counsel ordered returned, without defendant's knowledge or consent that it was returned; that counsel for defendant did not know that the statute which permitted a nonresident to answer at the second term of court had been changed by the last Legislature; that its counsel had not been able to secure a copy of the session acts, etc. It then set up in its motion the answer referred to and sworn to by its cashier, which is sufficient in form and substance, denying that it owed S. M. Pike anything, etc. This motion was sworn to by the attorney for appellant.

Evidence was introduced upon the hearing of the motion, and the attorney testified in all things in support of the allegations contained in the motion. The court overruled the motion, and the bank appealed.

[1] First, it is urged that, because the writ served upon appellant designated the garnishee bank as the party against whom the original judgment was rendered it will not support a judgment by default. This is well taken. Article 274, Revised Civil Statutes, provides that the writ shall require the garnishee—

"to answer upon oath what, if anything, he is indebted to the defendant, * * * and what effects, if any, of the defendant he has in his possession," etc.

And article 276 prescribes the form of the writ to be:

"Whereas, in the —— court of —— county in a certain cause wherein A. B. is plaintiff and C. D. is defendant the plaintiff, claiming an indebtedness against the said C. D., * * * has applied for a writ of garnishment against E. F. * * * Therefore you are * * * commanded * * * to summon * * * said E. F., * * * to answer * * * what, if anything, he is indebted to the said C. D.," etc.

The writ having stated that the original suit was Wood against the First State Bank of Big Spring, defendant, it does not sufficiently comply with these statutes to support judgment by default. Johnson v. McCutchings, 43 Tex. 553.

[2] We are also of the opinion that the

motion for new trial should have been granted, and that the trial court abused its discretion in not so holding for the reason that the motion contains all of the requisites of a bill of review in equity to set aside a default judgment. It was not filed within the statutory time of two days after the rendition of judgment, but was within the same term of court and at such time within the term of court as that the cause might have been heard upon its merits.

We are not holding that the ignorance of the law upon the part of appellant's attorney or his negligence, or both, would be a sufficient ground to base a holding here that the trial court had abused its discretion in overruling this motion, but here it is shown that the client was diligent in every respect except in trusting his attorney, if this was a lack of diligence.

The court heard evidence, and it appears from the statements thereof that the appellant's cashier, after being advised by the attorney that the law did not require a nonresident to answer at the first term, insisted upon preparing an answer and filing it at the first term, and the attorney did so prepare one in form and substance sufficient, but that this same attorney failed to file it. So upon the showing, as in this case, that appellant has a meritorious defense, that it in fact does not owe the defendant Pike anything, and that said Pike is a bankrupt, therefore irreparable injury may be the consequence of a failure of appellant to be permitted to make its defense. This appeal presents a strong case of equity. Dowell v. Winters, 20 Tex. 794.

So for this reason also the judgment is reversed, and remanded for further proceedings.