A. R. Wood v. J. R. Harper, Chief Justice, et al.

No. 3891.　Decided June 28, 1924.

(263 S. W., 248).

Mandamus—Certified Question—Practice.

A petition for mandamus to require the Court of Civil Appeals to certify a question to the Supreme Court on the ground of conflict in decisions should show that such action was invoked by a motion to certify calling attention to the conflict and filed before the adjournment of the term of court. Where not filed before such adjournment the appellate court, having rendered its final judgment, had no jurisdiction to certify; and where it overruled a motion to do so at a subsequent term the petition for mandamus was insufficient if it did not show the date of filing the motion. (Pp. 134-136).

Original application to the Supreme Court by Wood for writ of mandamus requiring the justices of the Court of Civil Appeals for the Eighth District to certify to the Supreme Court a question arising on their ruling in First State Bank of Big Springs v. Wood, 242 S. W., 781, on the ground of conflict with other decisions.

The Supreme Court referred the application to the Commission of Appeals, Section A, for its advice thereon, and here, adopting its opinion, refuses the writ.

*C. E. Thomas* and *Thos. J. Coffee,* for relator.

Relator specifically alleged in his petition that the motion to certify was filed in due time; this clearly negatives the "supposable defense" that it was filed too late; respondent did not except to the form or substance of this allegation, and the only exception by which it can be tested is a general demurrer, nor has such allegation been controverted by respondent; the burden of proof of the supposable defense was upon respondent. The petition is therefore sufficient. Swanson v. Mercer, 68 Texas, 494, 5 S. W., 62, 2 Am. St. Rep., 505; Ridgway v. City of Ft. Worth, 243 S. W., 750, Sec. 14, on rehearing; Watkins v. Huff, 63 S. W., 922 (rehearing).

There is a clear distinction between a certificate on dissent, under article 1620, and a certificate based on conflict, under Art. 1623; Art. 1620 makes the certification of the question dependent upon motion made by the party, or the court, while article 1623 makes it mandatory upon the Court of Civil Appeals to certify a question to Supreme Court, when it arrives at a conclusion therein which is in fact in conflict with a prior decision of another court of civil appeals

and it fails to concur with such former decision, and the certification of the question is not dependent upon any action of the party nor is it discretionary with the court of civil appeals. Arts. 1620, 1621 and 1622 (dissent); Arts 1623, 1624 and 1625 (conflict), Revised Statutes 1911. Article 1625 is relevant upon the question of the mandatory nature of Article 1623.

Where the conflict in fact exists, a court of civil appeals is without jurisdiction or authority to overrule a prior decision of another court of civil appeals. Cited: Articles of Statute cited above; Craig v. Pittman & Harrison Co. (Com. App.) 250 S. W., 667.

The allegation that the motion to certify was "filed in due time," not being excepted to or controverted, was sufficient showing that it was filed before the adjournment of the term of court. Gunter v. Buckler, 32 S. W., 229.

The court of civil appeals having acted upon said motion and "overruled" same, the presumption is that it had jurisdiction of said motion; otherwise, it would have dismissed the motion for want of jurisdiction. Look & Cornelius v. Henderson, 4 Texas, 303.

*Garrett, Brownlee & Goldsmith,* for respondent, cited: Western U. Tel. Co. v. Hudson, 103 Texas, 88; First Natl. Bk. of Eagle Lake v. Robinson, 135 S. W., 1115; Paggi v. Rose Mfg. Co., 259 S. W., 962; Noble v. Broad, 173 S. W., 643; Falfurrias Immig. Co. v. Spielhagen, 103 Texas, 144.

MR. JUDGE CHAPMAN delivered the opinion of the Commission of Appeals Section A.

Relator asked for a mandamus against respondents who are members of the Court of Civil Appeals of the 8th Supreme Judicial District of Texas, requiring said respondents to certify to this court certain questions of law held by said respondents in the case of First State Bank of Big Springs, appellant, vs. A. R. Wood, appellee, 242 S. W. 781, decided by said respondents June 1, 1922, it being alleged in the application that the decision of respondents in said case is in conflict with the opinions of other courts of Civil Appeals of this State on the same questions of law.

The petition does not affirmatively show that the matters of conflict were called to the attention of the Court of Civil Appeals before the adjournment of that court, and does not affirmatively show that the motion to certify on the grounds of conflict was made before the Court of Civil Appeals adjourned. The petition as to these matters being as follows:

"In due course, A. R. Wood, appellee in said cause, and relator herein, filed a motion for rehearing and for additional findings of fact and conclusions of law, which motion was overruled by the Court of Civil Appeals of the Eighth Supreme Judicial District, of Texas, at El Paso, on the 22nd of June, 1922, and said judgment

thereupon became final. Thereafter, in due time, relator A. R. Wood filed a motion in said court requesting that questions of law involved in the decision of said case be certified to The Supreme Court of Texas for decision, under the provisions of Article 1623 of the Revised Civil Statutes of 1911, which said motion was by said Court overruled on the 12th day of October, 1922.''

The date when the motion to certify was filed should have been stated in the petition and would have been a fact, but the question as to whether the filing was in due time is a matter of law to be determined by this court. If the motion to certify, wherein the question of conflict, so far as the record shows, was called to the attention of the Court of Civil Appeals for the first time, was not filed until after the court had adjourned, then the judgment of the Court of Civil Appeals had become final, and the court had lost jurisdiction of the case and could not have reopened it, and had no power, either in vacation or at the next term, to certify the questions of conflict. The record shows that the motion to certify was not overruled by the Court of Civil Appeals until October 12, 1922, which would indicate that the motion was not filed until after the Court of Civil Appeals had adjourned. However, the date of filing could very easily have been stated in the petition, but the petition having failed to state this fact, and having failed to show affirmatively that the Court of Civil Appeals had jurisdiction to grant the relief asked for in the motion, we are bound to hold that the petition in this respect is not sufficient. We are aware that Article 1623 of the Revised Civil Statutes requires the Courts of Civil Appeals, in cases of conflict with the decisions of other courts of Civil Appeals, to certify the questions of law to this court, but the Courts of Civil Appeals, even on their own motion, cannot take any action in a case after their judgment has become final by the term of court expiring and the court having at such time finally disposed of all questions in the case that had been brought to their attention. We think that this issue has been definitely decided by our Supreme Court in an opinion by Chief Justice Gaines in the case of Western Union Telegraph Co. v. Claude Hudson, 103 Texas, 88, 124 S. W., 85, in the following words:

''This is a certificate of a dissent as to the disposition of this case in the Court of Civil Appeals.

''The case was submitted to the Court of Civil Appeals and there was a judgment reversing the judgment of the District Court and remanding the cause by a majority of the judges of that court—one of them, however, dissented. There was a motion for a rehearing which was overruled by a majority—the same judge still dissenting. The motion for a rehearing was overruled on the 3d day of July, 1909, and on the same day the court adjourned for the term. There was no further action taken in the case until July 21, 1909, when the

attorney for the appellee filed a motion in the Court of Civil Appeals requesting them to certify the point of dissent to this court for decision.

"We are of opinion that the motion to certify was filed too late. The motion for a rehearing had been overruled and without any other action in the case the court had adjourned for the term. When a court finally adjourns for the term, all matters finally disposed of at that time become fixed and the court has no power to set aside, alter or amend a final judgment.

"That the Legislature might have provided for a certificate of a dissent after the adjournment for the term, we have no doubt; but as to this we think it sufficient to say, that in our opinion they have not done so. There is nothing in articles 1040, 1041 and 1042 of our Revised Statutes which intimates that this may be done.

"For the reason given the certificate is dismissed."

We recommend that the writ of mandamus be denied.

The opinion of the Commission of Appeals is adopted and mandamus is refused.

*C. M. Cureton*, Chief Justice.