## McGUIRE v. CITY OF DALLAS et al.

No. 2340.

Court of Civil Appeals of Texas. Waco.

May 22, 1941.

Rehearing Denied June 5, 1941.

L. L. McGuire, of Dallas, in pro. per.

H. P. Kucera, City Atty., and A. J. Thuss and C. E. Long, Jr., Asst. City Attys., all of Dallas, for appellees.

RICE, Chief Justice.

This suit was brought in the district court of Dallas county by L. L. McGuire, hereafter referred to as appellant, against the City of Dallas and the following men, both individually and as officers of the

618

City of Dallas: L. B. Houston, then Acting City Manager; Stuart Bailey, the Auditor; Sidney Hansen, then Fire Chief of the Fire Department; C. W. Windham, L. A. Allen, Robert Lee Guthrie and E. M. Powell, who were alleged to constitute the Civil Service Board of the City of Dallas; J. W. Thompson and Hugh Bayliss, Captains in the Fire Department; hereinafter styled appellees. Appellees presented a demurrer to appellant's petition, which was by the court sustained; and, on appellant's refusal and failure to amend, judgment was rendered by the trial court dismissing appellant's cause of action and taxing the costs of court against him. From this judgment appellant has perfected his appeal.

Appellant, in his petition, alleged that he was duly appointed and qualified as a city fireman, a permanent position in the classified service, in accordance with all the provisions of the Dallas city charter, ordinances and resolutions of the City Council, and rules and regulations of the Civil Service Board, on November 8, 1933, and worked continuously in that employment until July 15, 1939, on which date he was illegally discharged, prayed for the issuance of a writ of mandamus compelling appellees to reinstate him, and for judgment for his salary from the date of his discharge until date of judgment.

Appellant pleaded that certain charter sections, ordinances and resolutions of the Dallas City Council and rules and regulations of the fire department were in effect at the time of plaintiff's appointment on November 8, 1933, and remained in full force and effect to the date of his discharge, and as such governed his appointment and employment. Among other such provisions, he pleaded the following:

"Charter Sec. 44. There are hereby created and placed under control of the City Manager, seven administrative departments of the city government as follows:

"Fire Department.

"Sec. 72. The City shall maintain a fire force consisting of the Fire Chief and such other officers, firemen and employees as may be provided by ordinance or resolution of the Council."

The charter of the City of Dallas is not incorporated in the pleadings, but a copy thereof accompanies the record. We find that Section 74 of said charter provides: "The Chief of the Fire Department or the City Manager shall classify the fire service of the City in conformity with the ordinance of the Council concerning the number of persons to be employed therein, and shall make rules for the regulation and discipline of such service."

It therefore appears, construing Sections 72 and 74 of said charter together, that it was contemplated that an ordinance of the City Council of the city of Dallas would be enacted authorizing the employment of officers, firemen and employees for its fire force.

■ In reference to mandamus proceedings, greater certainty of pleadings is required than in ordinary causes. West v. Luttrell, Tex.Civ.App., 35 S.W.2d 744; Arberry v. Beavers, 6 Tex. 457, 473, 55 Am.Dec. 791; Anderson v. Polk, 117 Tex. 73, 297 S.W. 219. In the case of Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138, 1151, the Supreme Court said: "The rule concerning the certainty of averments in petition for mandamus is lucidly expressed by Ferris in his work on Extraordinary Legal Remedies, page 228, Section 194, wherein it is declared: '* * * No intendments are to be indulged. Relator must by averment and proof show an unqualified right to the writ. * * *'"

■ In an application for mandamus, the necessary facts, as contra-distinguished from opinions and conclusions, should be clearly stated. Statements by way of opinions or conclusions are insufficient. 28 Tex.Jur. p. 635, sec. 64; In re Greer et al., Tex.Civ.App., 41 S.W.2d 351; Navarro County v. Tullos, County Auditor, Tex. Civ.App., 237 S.W. 982, 983. Failure to except to a petition or to interpose defenses that might have been interposed will not authorize the grant of a writ of mandamus on a petition that is not sufficiently specific and positive in its averments. Arberry v. Beavers, supra; Burrell v. Blanchard, Tex.Civ.App., 51 S.W. 46; 28 Tex. Jur. p. 635, sec. 64. It has been further held that a writ of mandamus should not be granted unless the petition therefor shows every fact necessary to entitle the relator to the relief sought. Arberry v. Beavers, supra; Burrell v. Blanchard, supra; American Book Co. v. Marrs, 113 Tex. 291, 253 S.W. 817; Munson v. Terrell, 101 Tex. 220, 105 S.W. 1114; Wood v. Harper, 114 Tex. 133, 263 S.W. 248; Ewing v. Commissioners' Court, 83 Tex. 663, 19 S.W. 280; Bevers v. Winfrey, Tex. Civ.App., 260 S.W. 627; McIntosh, Judge

619

v. Watts, Tex.Civ.App., 5 S.W.2d 1003; Montague County v. White, Tex.Civ.App., 260 S.W. 907, 908. The last mentioned suit was instituted against Montague County and its proper officials, praying for a writ of mandamus requiring the defendants to pay a judgment and costs incurred in a prior suit, the petition setting out the judgment of the trial court rendered against the county and a subdivision thereof; that the defendants had appealed from said judgment; that same was affirmed by the Court of Civil Appeals and a writ of error denied by the Supreme Court; that the county had sufficient funds to pay the judgment, and the failure of defendants to make payment. Defendants presented a general and a special demurrer to the petition, which were overruled by the trial court. The appellate court held that the demurrers should have been sustained because the application for mandamus failed to allege the issuance of a mandate either from the Court of Civil Appeals or the Supreme Court, and in coming to this conclusion, said: "Mandamus is an extraordinary remedy, and the party that invokes it must, before he is entitled to even the alternative writ, allege matters which prima facie entitle him to the remedy. * * * Petition for mandamus should state distinctly and precisely the circumstances to show that petitioner is entitled to the remedy and that it is the clear duty of the officer to perform the thing demanded."

Applying the foregoing legal rules and principles to appellant's pleading, it is our opinion that the allegations therein contained to the effect that appellant was duly appointed and qualified as a city fireman on November 8, 1933, and worked in that employment until July 15, 1939, in accordance with the provisions of the charter, ordinances and resolutions of the Council and rules and regulations of the Civil Service Board, are but the conclusions of the pleader upon the legal effect of the charter, ordinances and resolutions so indefinitely referred to. Brush Electric Light & Power Co. v. Lefevre, 93 Tex. 604, 57 S.W. 640, 49 L.R.A. 771, 77 Am.St. Rep. 898. There are no allegations of the facts necessary to show upon the face of the pleadings that appellant was, on the dates alleged, in fact and in law in the employ of the city of Dallas. This is especially true in view of the fact that appellant pleaded Section 72 of the charter of the city of Dallas, providing that "the city shall maintain a fire force consisting of the fire chief and such other officers, firemen and employees as may be provided by ordinance or resolution of the Council."

Appellant did not plead the enactment by the City Council of the City of Dallas of any ordinance or resolution required by either Section 72 or Section 74 of the charter of said city.

■ Courts do not take judicial notice of municipal ordinances; they must be alleged and proved as other facts. 17 Tex. Jur. p. 181, Sec. 13; 30 Tex.Jur. p. 310, Sec. 171; City of Austin v. Walton, 68 Tex. 507, 5 S.W. 70; Brush Electric Light & Power Co. v. Lefevre, supra; City of Denison v. Smith, Tex.Civ.App., 260 S.W. 207; Kean & Crofford Co. v. City of Dallas, Tex.Civ.App., 244 S.W. 655; International & G. N. R. Co. v. Hall, 35 Tex. Civ.App. 545, 81 S.W. 82, error dismissed, 98 Tex. 100, 81 S.W. 520. The above referred to sections of the special charter of the city of Dallas were not self-enacting. Before the appellant, or any member of the fire department, could have been legally employed by the city of Dallas, it was necessary that the legislative body of the city take affirmative action by the enactment of a proper ordinance.

■ Appellant's pleading shows upon its face that it was necessary that the City Council of the city of Dallas first provide by ordinance or resolution for the employment of firemen before appellant or other persons could be legally employed as a member of the fire force. It was therefore necessary that appellant plead the valid enactment by the governing body of such city of a resolution or ordinance authorizing his employment; and having failed so to do, the demurrer to his pleadings should have been sustained.

In view of the foregoing, we think it unnecessary to discuss the remaining assignments of error raised by appellant.

The judgment of the district court of Dallas county is affirmed.