# JULY, 1943

### EUGENE S. HURSEY V. HONORABLE JOEL R. BOND, CHIEF JUSTICE ET AL.

Motion No. 16,014; Cause No. 8097.
Decided June 9, 1943.
Rehearing overruled July 7, 1943.
(172 S. W., 2d Series, 305.)

338

G. *Ray Lee* and *T. B. Ridgell,* both of Dallas, for petitioner.

*House & House* and *Ellis P. House,* all of Dallas, for respondent, Helen Hursey.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

The relator, Eugene S. Hursey, filed in this court (March 30, 1943) a motion asking leave to file a petition for mandamus directing the Chief Justice and Associate Justices of the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas at Dallas to certify certain questions of law for the determination of the Supreme Court. The motion asking leave to file was granted. Rule 474, Texas Rules of Civil Procedure. The petition for mandamus was set down for hearing both on the question of conflict and on the merits involved in the conflict. Rule 475, Texas Rules of Civil Procedure.

The cause in which the questions of law sought to be certified arose was decided by the Honorable Court of Civil Appeals at Dallas on the 18th day of September, 1942. The relator filed a motion for rehearing in that court on October 2, 1942. The motion for rehearing was overruled on October 23, 1942. Hursey v. Hursey, 165 S. W. (2d) 761. The relator prosecuted a writ of error in the cause to this court. The application for the

writ of error was filed in the Court of Civil Appeals at Dallas on November, 20, 1942, and in the Supreme Court on November 27, 1942. This court dismissed the application for writ of error for want of jurisdiction on December 16, 1942. (139 Texas 672.)

In his petition for mandamus the relator Hursey avers.

"This petitioner, after motion for rehearing in the Court of Civil Appeals was overruled by a majority court. Chief Justice Bond dissenting, and after the Supreme Court dismissed petitioner's petition for writ of error, filed a motion in the Court of Civil Appeals at Dallas to have said court certify these same questions of law mentioned in this petition and which were raised by motion for rehearing and in the petition for writ of error, and the Court of Civil Appeals in the majority order refused and overruled petitioner's motion to certify, Chief Justice Bond dissenting."

■ Mandamus will not lie to compel a court to perform an act required by statute in the absence of a request for such performance by the party at interest and a refusal to perform on the part of the court. Ashford v. Goodwin, 103 Texas 491, 131 S. W. 535, Ann. Cas. 1913a, 699. Prior to the effective date of Texas Rules of Civil Procedure it had been determined by this court that a timely motion to certify must be presented to the Court of Civil Appeals before the remedy of mandamus could be invoked to compel a question's certification. Wood v. Harper, 114 Texas 133, 263 S. W. 248; Oliver v. Gallagher, 119 Texas 178, 26 S. W. (2d) 903. It has been ruled that a petition for mandamus is insufficient which does not set out the particular questions of law the Court of Civil Appeals was requested and refused to certify. Universal Credit Co. v. Dunklin, Chief Justice, 129 Texas 324, 105 S. W. (2d) 867. Rule 465, Vernon's Texas Rules of Civil Procedure, provides:

"At any time within fifteen (15) days after overruling the motion for rehearing either party may file a motion asking the court to certify a question to the Supreme Court. After the expiration of that date if no motion is filed, the court may not be required by mandamus to certify."

■ It is apparent from the sworn averments of the relator's petition for mandamus that a motion to certify was not filed in the Court of Civil Appeals at Dallas until after the action of the Supreme Court on the relator's petition for writ of error, towit, December 16, 1942. The date of the order of the Court of

Civil Appeals which overruled relator's motion for rehearing filed in that court being October 23, 1942, and the relator not having filed in that court a motion to certify within fifteen days after that date, the Court of Civil Appeals "may not be required by mandamus to certify." Therefore, the motion of relator seeking leave to file the petition for mandamus was improvidently granted. The order granting the same is set aside and the motion for leave to file is refused, and the petition for mandamus is dismissed.

Opinion adopted by the Supreme Court June 9, 1943.

Rehearing overruled July 7, 1943.