**JAQUES v. SIMMS.**

No. 9393; Motion No. 9997.

Court of Civil Appeals of Texas. Austin.

June 23, 1943.

For former opinion, see 171 S.W.2d 924.

Cofer & Cofer, of Austin, for appellant.

Hornsby, Hornsby & Kirk, of Austin, for appellee.

McCLENDON, Chief Justice.

Appellant filed a motion for rehearing and (at the same time) a motion to certify certain questions to the Supreme Court. A second motion to certify has been filed, ostensibly upon the theory that the first

motion (filed prior to overruling the motion for rehearing) was not in compliance with Rule 465 Texas Rules of Civil Procedure, which reads: "At any time within fifteen days after overruling the motion for rehearing either party may file a motion asking the court to certify a question to the Supreme Court. After the expiration of that date, if no motion is filed, the court may not be required by mandamus to certify."

■■■ As pointed out in Hursey v. Bond, Tex.Sup., 172 S.W.2d 305, before this rule was promulgated, it was a prerequisite to the right to require the Court of Civil Appeals by mandamus to certify, that a timely motion therefor be made and refused. The effect of the rule was merely to set a definite time limit beyond which the motion might not be filed. In the respect that the rule required the motion, it was as shown but declaratory of preexisting procedure. We read nothing in the rule which would require a party to await action on the motion for rehearing before filing motion to certify. It is common practice to file these motions at the same time, either separately or in a single motion in the alternative. Either method we believe constitutes compliance with the rule; since its purpose is to require request of the Court of Civil Appeals and its refusal, before resort to mandamus. It is not material whether this request be made prior or subsequent to action on the rehearing motion. If that motion is granted, the motion to certify becomes unimportant. If the original opinion or holding is changed, this may require amendment of a pending motion to certify, or a second motion if the first has already been overruled. Absent any change in the holding or opinion, which is the case here, there is no occasion to again ask the court to do what it has already refused.

For these reasons appellant's second motion to certify is dismissed.

Motion dismissed.