Opinion issued October 29, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00893-CV

———————————

IN RE Representative Larry Taylor, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

By petition
for writ of mandamus, State Representative Larry Taylor challenges the trial
court’s order temporarily enjoining the Texas Windstorm Insurance Association
from producing documents related to its settlement of certain claims in
response to Representative Taylor’s request for information under the Texas
Public Information Act.  See Tex.
Gov’t Code Ann. §§ 552.001-.353 (Vernon 2004 & Supp. 2010).  The underlying case is Joe
Vardell and Jacquelyn Vardell v. Texas Windstorm Insurance Association, Paul
Mikkelsen, Bill Astin, and Reggie Warren, No. 09-CV-2012 in the 122nd
Judicial District Court of Galveston County, Texas, the Hon. Susan Criss
presiding.

In two issues, Representative Taylor
contends that the temporary injunction (1) violates the separation-of-powers
doctrine by unduly interfering with the lawful exercise of legislative and executive
duties and (2) contravenes provisions of the Public Information Act and the
Insurance Code requiring disclosure of the information he requested.  See Tex. Gov’t Code Ann. § 552.008
(Vernon Supp. 2010); Tex. Ins. Code Ann.
§ 2210.653 (Vernon Supp. 2010).  We deny
the petition for writ of mandamus.

“As a rule, mandamus is not
available to compel an action which has not first been demanded and
refused.”  Terrazas v. Ramirez, 829 S.W.2d 712, 723 (Tex. 1991); accord In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999); In re Smith, 263 S.W.3d 93, 96 (Tex.
App.—Houston [1st Dist.] 2006, no pet.). 
The record does not demonstrate that presentment of the issues raised by
Representative Taylor would be futile or little more than a formality in the
trial court.  Cf. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979) (excusing
requirement of request and refusal to file motion for rehearing when appellate
court expressly stated in its judgment that further motions for rehearing would
not be entertained).  Neither has Representative
Taylor shown that he lacks any reason or opportunity to intervene or otherwise
present his request in the underlying proceeding.  Cf. Terrazas,
829 S.W.2d at 725 (excusing requirement of request and refusal when requested relief
was sought by other similarly situated parties and denied).  Thus, on this record, Representative Taylor
has not shown circumstances which excuse the ordinary prerequisites of request
and refusal.  Cf. id.; see Hursey v. Bond,
172 S.W.2d 305, 306 (Tex. 1943).  We are
confident that the trial court, if presented the opportunity, will rule
promptly on the issues briefed in Representative Taylor’s petition.

Accordingly, we hold that Representative
Taylor is not entitled to mandamus relief under the present circumstances.  See
Terrazas, 829 S.W.2d at 723.  We
overrule all outstanding motions as moot.

 

Per Curiam

 

Panel
consists of Chief Justice Radack and Justices Jennings and Massengale.