## S. Rotsky v. Kelsay Lumber Company.

No. 5104.   Decided January 23, 1929.
(12 S. W., 2d Series, 973.)

*McLean, Scott & Sayers, W. W. Alcorn,* and *Baskin, Eastus & Grimes,* for appellant, Rotsky.

The plaintiff's evidence, as shown by the record, is insufficient to establish an equitable assignment to it of any sum of money owing by the appellant Rotsky to the contractor Helm. Article 2290 of Vernon's Revised Civil Statutes of Texas, 1925; Texas & Pacific Ry. Co. v. Walker, 93 Texas, 611; Lanham, Governor, v. Dies, 98 S. W., 897; Corpus Juris, Vol. 18, Section 4, page 765; Texas Pacific Coal & Oil Co. v. Ames, 292 S. W., 191.

The pleadings and the undisputed evidence in the record entitled the appellant Rotsky to a judgment over and against the appellant Surety Company. McKenzie v. Barrett, 98 S. W., 231.

*Wm. F. Young,* for appellant Fidelity & Deposit Co. of Maryland.

The Court erred in overruling this defendant's general demurrer to the cross-action of defendant Rotsky because the said cross-action

against this defendant contains no sufficient allegation on which a judgment against this defendant can be legally based. Rotsky v. Kelsay Lumber Co., 228 S. W., 558; Telephone Co. v. French, 245 S. W., 997; Postal Telegraph Co. v. Smith, 104 Texas, 171; Railway Co. v. True Bros., 159 S. W., 150; Kelley v. Fain, 168 S. W., 869.

The plaintiff's proof as shown by the record is insufficient to constitute an equitable assignment to it of any sum of money owing by the owner Rotsky to the contractor Helm. Christmas v. Russell's Exers., 20 Fed., 762; Surety Co. v. Bering Mfg. Co., 295 S. W., 337; Colleps v. Lumber Co., 185 S. W., 1043; Mortgage Co. v. Morgan, 292 S. W., 557; Peck v. Powell, 259 S. W., 640; Corpus Juris, Volume 5, P. 909, Sec. 78, 912, Sec. 79, 913, Sec. 80.

Rotsky voluntarily, and at his own risk paid into court the sum of Nine Hundred Twenty-five Dollars Forty-five Cents ($925.45), the balance of the contract price of the building after it was finished, and appellant is in no way responsible for its payment into court or its loss thereafter. Lanham v. Dies, 98 S. W., 897; Texas Pacific Coal & Oil Co. v. Ames, 284 S. W., 315; Texas Pacific Coal & Oil Co. v. Ames, 292 S. W., 191; Ex parte Yowell, 7 Heisk, (Tenn.) 561.

Appellant's requested peremptory instructions should have been given, because it is confessed by Rotsky in the record that he surrendered $925.45 of the contract price after the building was completed, which, under the contract, should have been applied by him on the debt of the Lumber Company. Murrell v. Scott, 51 Texas, 520; Harrison v. Templeton, 82 Texas, 443; Kiam v. Cummings, 36 S. W., 770; Albright v. Allday, 37 S. W., 646; Kempner v. Patrick, 95 S. W., 51; Lumber Company v. Church, 224 S. W., 913; Womack v. Davidson, 242 S. W., 1109; Hatch v. Bank, 270 S. W., 1093; Cyc. 32, pp. 216 and 218.

*Thompson & Barwise,* for appellee Kelsay Lumber Co.

We think the pleadings were abundantly sufficient to state a cause of action on several different theories and certainly upon the theory of equitable assignment, as every necessary element of an equitable assignment was alleged and set forth in both plaintiff's first amended original petition and in its second amended original petition. Davis & Goggin v. State National Bank, 156 S. W., 320; Fielder Lumber Co. v. Smith, 151 S. W., 605; Rice Common School District v. Oil City Iron Works, 180 S. W., 1121; Campbell v. Grant, 82 S. W., 794; Wood v. Amarillo Improvement Co., 31 S.

W., 503; Hahl v. Hutcheson, 196 S. W., 262; West Realty & Investment Co. v. Hite, 283 S. W., 481; Allen v. Roach, 292 S. W., 195; Craig v. Dunlap, 267 S. W., 1007; Rollison v. Hope, 18 Texas, 446; Peoples Savings Bank v. Marrs, 206 S. W., 847.

Where a defendant makes a tender, deposit or payment of money into court as being all that is due from him, and which is insufficient in amount, and which is coupled with a condition, express or implied, that acceptance thereof shall relieve him from further liability, and which tender is not made directly to the plaintiff where there·are other claimants to the fund, so that plaintiff has no power to withdraw the money in any event; and where, if plaintiff could and did withdraw the deposit, such withdrawal would discharge the defendant from further liability, and where such tender is not accepted by the plaintiff, then in such case, the title to the deposit remains in the defendant making such insufficient and conditional tender, and if the money be lost or misapplied by the clerk of the court, the loss should fall upon the party making such tender. De Peyster v. Clarkson, 10 N. Y., (2 Wend.) 76; Mann v. Sprout, 185 N. Y., 109; Sanders v. Britton, 45 S. W., 209; Coltrane v. Peacock, 91 S. W., 841; Cline v. Rudisill, 36 S. E., 36; Duckwall v. Jones, 58 N. E., 1055; Windsor v. Snider, 90 Pac., 820; Thelander v. Becker, 199 S. W., 948; Cramer v. Dallas Lumber Co., 283 S. W., 596; Fullenwider v. Longmoor, 11 S. W., 500; Burnett v. Senn, 74 S. E., 376; Bacher v. Gray, 88 S. W., 307; Tilden v. Gordon, 74 Pac., 1016; Larson v. Breene, 21 Pac., 498.

As further illustrating the insufficiency and ineffectiveness of the deposit in court, we cite the following authorities showing that an insufficient tender is ineffective for any purpose: Donaldson v. Severn River Glass & Sand Co., 138 Fed., 691; Krieg v. Palmer National Bank, 111 N. E., 31; McCalley v. Otey, 15 So., 945; 38 Cyc., 137; Schwantkowsky v. Dykowsky, 132 S. W., 373; San Antonio v. Alamo Natl. Bank, 155 S. W., 620; Barreda v. Merchants Natl. Bank, 206 S. W., 726; Davison v. Falfurrias, 181 S. W., 553; California State Life Ins. Co. v. Elliott, 193 S. W., 1096.

The above rules are so well established that it is hardly necessary to cite further cases, but as illustrating the application of this rule in Texas, see the following: Schwantkowsky v. Dykowsky, 132 S. W., 373; San Antonio v. Alamo National Bank, 155 S. W., 620; Barreda v. Merchants National Bank, 206 S. W., 726; Davison v. Falfurrias, 181 S. W., 553; California State Life Insurance Co. v. Elliott, 193 S. W., 1093.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

This case is before us on certified question from the Second Supreme Judicial District, in part as follows:

"On the 6th day of March, 1912, S. Rotsky, the owner of a lot situated in the City of Fort Worth, entered into a contract with W. M. Helm, a building contractor, by the terms of which the contractor agreed to construct a building on the lot and to furnish all material and labor necessary therefor; and as a consideration therefor the owner agreed to pay to the contractor the sum of $6,200. The contract stipulated payment upon the weekly estimates of the architect as the work progressed in the sum of 75% for material and labor installed in the building. The contract further stipulated that the building was to be constructed under the direction and to the satisfaction of L. B. Weinman, architect; plans and specifications of the building to be erected were attached to and made a part of the contract. A further stipulation in the contract was that the building was to be finished on or before June 15, 1912, and the contractor agreed to pay the owner $7.00 a day for failure to complete it by that time. On the same day, March 6th, the Fidelity & Deposit Company of Maryland executed to the owner a bond in the sum of $3100, conditioned that Helm, the contractor, 'would well and truly perform the building contract in every respect.'

"On April 15, 1912, Rotsky entered into a second contract with Helm to erect another building on the same lot for a consideration of $3800, to be paid by Rotsky, the building to be completed on or before July 1, 1912. That building contract is a facsimile of the first contract with the exception of the date of its execution, the price to be paid, the date for completion of the building, and the stipulation therein that $4.00 a day would be the amount of damages paid to the owner for failure to complete the building on or before July 1, 1912.

"An additional bond was executed to the owner by the Fidelity & Deposit Company of Maryland and to insure the completion of that contract by Helm; the bond being in the same terms as the bond already given for the first building, and the amount of the bond being in the sum of $1900.

"During the construction of the two buildings, Rotsky paid out for labor and material on certificates of the architect Weinman, the aggregate of $9100 on the two building contracts, which left an un-

paid balance of $900 on the two contracts. Some extra work by the contractor amounted to $25, which was not included in either of the two contracts, thus leaving an unpaid balance on the contracts, plus the extras, of $925, when the buildings were finished on July 10, 1912.

"The Kelsay Lumber Company instituted this suit against Rotsky and the Fidelity & Deposit Company of Maryland to recover the sum of $3167.65 for lumber furnished and used in the construction of the two buildings. Rotsky and the surety company filed answers to plaintiff's suit. Rotsky further prayed for judgment over against the surety company for any amount which plaintiff might recover against him, and the surety company likewise filed an answer to that plea over.

"Judgment was rendered in favor of plaintiff against Rotsky for $3167.65, which was the amount claimed for lumber furnished by it, plus $2770.81 for accrued interest, aggregating the sum of $5938.46, but denying a recovery by plaintiff against the surety company. Judgment was also rendered in favor of Rotsky against the surety company in the same amount. From that judgment Rotsky and the surety company have both prosecuted an appeal.

"Several intervenors filed pleadings in the cause to establish their claims for labor and material furnished in the construction of the building, but all of those interveners were dismissed for want of prosecution, and the only parties to the judgment finally rendered were the plaintiff and defendants Rotsky and the surety company. The contractor Helm, who was formerly a party defendant, died pending the suit, and the judgment recites a dismissal as to him on account of his death and on account of the insolvency of his estate.
\*   \*   \*

"The $925 which Rotsky had on hand when the building was completed was deposited with the clerk of the court in which the case was pending for the use and benefit of plaintiff and such other persons as might establish any right thereto for labor or material furnished to the contractor; Rotsky alleging in that connection that that was the balance due from him under the contract with Helm for the construction of the buildings. No order of court was made authorizing such deposit, but on the first trial of the case the court awarded the funds so deposited to plaintiff and several interveners, pro rata, who had established claims for labor and material furnished the contractor, thus treating the funds so deposited as being in the custody of the court.

"The deposit so made by Rotsky was by the clerk of the court turned over to his successor in office, who embezzled the same before the last trial, and the fund was thereby wholly lost to all parties to the suit.

"All of the interveners in the suit having abandoned their claims and having been dismissed from the case, it follows that if the funds so deposited by Rotsky had been on hand at the first trial the plaintiff would have been entitled thereto, at all events.

"We have deemed it advisable to certify to your Honorable Court for determination the following questions:

"1. Were the plaintiff's pleadings, upon which the last trial was had, sufficient to show a right of recovery upon the theory of an an equitable assignment, noted above?

"2. If the foregoing questions be answered in the affirmative, then in view of the allegation in the supplemental petition, copied above, was plaintiff's claim limited to the difference between the amount thereof and the sum of $950 by reason of the allegation to the effect that 'Rotsky himself undertook as an independent obligation upon his part to pay the said lumber bill sued for by plaintiff herein, or *at least but $950 thereof'*?

"3. Was plaintiff's claim limited to 25% of the builder's contract price by reason of the further allegation in the petition made in the alternative that 'defendant Rotsky obligated and bound himself to always hold *at least the sum of 25% of the entire amount of his said contract with said Helm* for the use and benefit of the plaintiff herein for its lumber bill, and further agreed not only to hold the same but to pay it over to the said plaintiff for the said lumber bill'?

"4. If there was an equitable assignment in plaintiff's favor, such as pleaded, was the defendant Rotsky entitled to a credit on the amount of such bill for the $925 deposited by him with the clerk of the court; or was the loss of those funds his loss rather than the loss of plaintiff?

"5. If we should hold that defendant Rotsky was entitled to recover over against the defendant surety company, would the latter defendant be entitled to a credit against that demand of the amount of such deposit?"

The certificate does not set forth the pleadings sought to be construed, but from the transcript which accompanies the same we quote from the plaintiff's second amended original petition as follows:

"Plaintiff further avers  *  *  *  that said Helm, long prior to the accrual of the claims of any of the other parties hereto, for value transfered, assigned, and set over to plaintiff, of the amounts coming to him and which would come to him under his contracts with said Rotsky, funds sufficient to pay for the material furnished by plaintiff herein, in the construction of said improvements as aforesaid, and authorized and directed plaintiff to collect the same from the said Rotsky: that said Rotsky before the giving of notice or fixation of any liens by any of the parties hereto, or other mechanics or materialmen, accepted said assignment, and had notice thereof, and expressly agreed to pay to said plaintiff all amounts that would be owing to it for material furnished by it, and which said amount is sued for herein, and in compliance with the said assignment, as well as independent thereof, undertook and agreed to pay to said plaintiff direct, the amount that would be incurred by it for materials furnished as herein set forth. And after such assignment and notice to said Rotsky said Helm became entitled under said contracts to more than sufficient to pay said lumber bill. That said Rotsky through his agent Weinman, was notified of said transfer and assignment herein pleaded: that the facts as to the making of said transfer and assignment were presented to said Rotsky through his said agent Weinman, who was duly authorized so to do, accepted said assignments and each of them, promised and agreed to hold and thereafter pay plaintiff funds that were owed or would be owed to Helm under said contracts to the end that plaintiff would be paid from any and all funds owed or to be owed to Helm under said contract, so that thereby all indebtedness of plaintiff for materials furnished to Helm incident to or used in the construction of the said Rotsky building would in this way be paid for and plaintiff fully protected in the collection of the bills for materials so furnished, and to the extent of the assignment or assignments of funds so made by said Helm to plaintiff. Defendant Rotsky thereby became obligated to pay to plaintiff the amount of its said material bills in accordance with the said assignments and assignment herein pleaded, which said defendant Rotsky has wholly failed and refused to do, and still so refuses. Plaintiff further alleges that in all of the matters herein alleged the said Weinman acted and was acting within the scope of his apparent authority as agent of the defendant Rotsky, and that the said defendant Rotsky held out the said Weinman as having such authority."

While the pleader denominates the transaction a transfer or assignment, this is not necessarily conclusive. It is but a legal conclusion. But the petition further sets forth as a fact that Helm agreed with it that Rotsky should withhold sufficient funds to pay the company's accounts and authorized it to collect the same directly from Rotsky and that Rotsky after notice of such agreement assented thereto and promised compliance. This we think is abundantly sufficient to show an equitable assignment of such funds. It is not like an order to a general debtor to pay another a sum less the then general indebtedness such as an ordinary check upon an account in bank which would not operate as an equitable assignment, but rather it evidences an intention to transfer completely a definite amount of a special account or indebtedness and indicates an intention upon the part of the contractor Helm to part completely with control over that portion of the fund involved in the agreement. This is sufficient to show an equitable assignment and question No.1 is therefore answered in the affirmative.

Questions 2 and 3 should be answered in the negative, for the allegations therein referred to as possibly imposing a limitation upon the plaintiff's right to recover were but alternative pleas and there can be no doubt that one will not be abridged in his right to recover upon facts well pleaded merely because he prays in the alternative if such relief be denied him that he have other and lesser relief.

It is not a case of duplicitous pleading by reason of alternative allegation of facts, but rather one of alternative counts. Separate counts need not of course be consistent with each other,—they most frequently are based upon inconsistent facts or even remedies.

With respect to the deposit of $925.00 by appellant Rotsky with the clerk of the court, we answer that he would not be entitled to a credit upon any recovery by the lumber company for the deposit, because in no event was a deposit with the clerk upon the conditions shown to have been imposed upon this deposit a payment of the assigned funds to the assignee. It was the duty of Rotsky under the facts pleaded by the lumber company to pay directly to it so much of the balance due by him to the contractor as would be necessary to satisfy its accounts for materials furnished, and the deposit by him with the clerk of the court was not such payment. It was for an entirely different purpose and was made wholly at the peril of appellant Rotsky.

It follows from what we have said that question No. 5 should be answered "No." Appellant Rotsky in no event is entitled to recover

from the surety company for anything except a default of the contractor Helm. The loss of the $925.00 deposited with the clerk was due to the default of Rotsky and not to any breach of duty which Helm owed to him.

We therefore recommend that the questions be answered as above shown.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.