**ROTSKY et al. v. KELSAY LUMBER CO.***
(No. 11967.)

Court of Civil Appeals of Texas. Fort Worth. March 23, 1929.

Rehearing Denied April 27, 1929. Second Motion for Rehearing Granted in Part and Overruled in Part May 11, 1929.

*Writ of error granted.

Wm. F. Young, of Fort Worth, for appellants.

Baskin, Eastus & Greines, Thompson & Barwise, and McLean, Scott & Sayers, all of Fort Worth, for appellee.

DUNKLIN, J. The disposition of a former appeal in this case by the Supreme Court is reported in 228 S. W. 558. As shown in the opinion of that court, the judgment from which that appeal was prosecuted was reversed and the cause was remanded to the trial court for further proceedings. After the remand of the case plaintiff, the Kelsay Lumber Company, filed an amended petition, and upon the last trial, which was had upon that amended petition, plaintiff recovered a judgment against the defendant S. Rotsky for the sum of $5,938.46, and judgment was rendered in favor of defendant Rotsky on his plea over against the Fidelity & Deposit Company of Maryland for the same amount, with the provision that execution issue in favor of Rotsky on such recovery only for such sums as he may pay towards the satisfaction of plaintiff's judgment against him. From that judgment Rotsky and the Fidelity & Deposit Company have both appealed.

The claims of several interveners in the cause were all disposed of by dismissal, and no complaint is made of such disposition either by the interveners themselves or by any of the parties to this appeal.

The issues involved in this suit are shown in the opinion of the Supreme Court referred to above, and it will be unnecessary to repeat them here.

The Kelsay Lumber Company has made no complaint of the refusal of the trial court to allow it a recovery against the guaranty company as prayed for in its pleadings, nor of the refusal of the trial court to establish and foreclose a materialman's lien against the premises upon which the improvements were made.

Upon the last trial of the case from which this appeal was prosecuted, the jury found that W. M. Helm, the contractor who erected the buildings in question for Rotsky, agreed with the Kelsay Lumber Company that the bill for lumber which the contractor might purchase from the lumber company for use in the construction of the buildings should be paid by Rotsky to the lumber company out of funds that might become due to the contractor under his contract with Rotsky and that Rotsky would withhold a sufficient amount out of the contract price to pay for the lumber to be so furnished.

Other findings of the jury were in substance that Weinman, the architect employed by Rotsky to superintend the construction of the buildings, was notified by the lumber company of the agreement so made between it and Helm, and after such notice Weinman, as the representative of Rotsky and in his behalf and with authority from Rotsky so to do, agreed with the lumber company that a sufficient amount of money would be withheld from Helm out of the contract price to pay the lumber company for the building material to be furnished by it to Helm. There was a further finding by the jury that after the agreement so made by Weinman there was an amount of money earned by Helm under the contract with Rotsky more than sufficient to pay the account of the lumber company for building material which it furnished to Helm.

The evidence introduced upon the trial was sufficient to sustain all those findings of fact, and the issues so determined by the jury were embraced in the plaintiff's amended petition, upon which the case was tried. And in answer to questions heretofore certified by this court to the Supreme Court pending this appeal, the Supreme Court [12 S.W.(2d) 973] held that the allegations in the amended petition were sufficient to constitute an equitable assignment of so much of the contract price accruing in favor of Helm

on his contract as was necessary to pay for the lumber furnished by the Kelsay Lumber Company.

In answer to further questions certified by this court, the Supreme Court further held that the allegations in the plaintiff's petition were not such as to limit a recovery by it to less than the full amount of the sum claimed to be due for lumber furnished, and that Rotsky was not entitled to any credit either against plaintiff's claim for lumber furnished or in his favor on his plea over against the guaranty company, by reason of the deposit of $925 made with the clerk of the court, which was embezzled by that officer prior to the last trial. In other words, it was held that the amount lost by reason of that deposit was Rotsky's loss only.

The guaranty company insists, first, that the contract upon which plaintiff recovered was a personal contract by Rotsky to pay for the lumber, which contract was separate and distinct from the building contract entered into by Helm; or, at all events, that the contract upon which recovery was awarded changed the building contract in material respects without the consent of the guaranty company, and that in either event the guaranty company could not be held liable on Rotsky's plea over.

■ If either of those propositions be correct, then it follows, under the well-settled rules of decision, that the judgment on Rotsky's plea over against the guaranty company should be reversed. The point is made that according to the terms of the contract the entire consideration going to Helm was to be paid to him directly, and that therefore the later agreement for Rotsky to pay for the lumber furnished by plaintiff directly to it, and not to Helm, was a separate and distinct agreement for which the guaranty company was not liable. We do not believe that the mere agreement to pay the lumber company, as assignee of Helm, any amount which Helm might be entitled to receive under the contract, would of itself constitute a new contract between Rotsky and Helm, or that there was any material change in the building contract already executed.

■ Any funds accruing to Helm under the building contract were legally assignable in the absence of any agreement therefor by Rotsky. The contract between Helm, the Kelsay Lumber Company, and Rotsky for an assignment of an amount sufficient to pay for the lumber furnished by plaintiff and Rotsky's agreement to withhold that amount from what might become due Helm under the contract could not lessen or increase Helm's contract with Rotsky to furnish all necessary building material; nor did the contract between Rotsky and Helm forbid the payment of plaintiff's claim for lumber in preference to other claims for labor or material. Hess & Skinner v. Turney, 110 Tex. 148, 216 S. W.

622; Southern Surety Co. v. Klein (Tex Civ. App.) 278 S. W. 529; Southern Surety Co. v. Guaranty State Bank (Tex. Civ. App.) 275 S. W. 443. It is next insisted by the guaranty company that since the total amount of the two bonds given by it was $5,000, the judgment over against it in favor of Rotsky was excessive, in that it included accrued interest of $2,770.81 on $3,167.65, making an aggregate of $5,938.46. We overrule this contention upon the authority of the decision of this court in Collins v. Tarrant County, 242 S. W. 1105, opinion by Justice Buck, and authorities there cited.

■ Since by the terms of the bonds given by the guaranty company that company expressly agreed that it would become liable to Rotsky for all damages he might sustain as the result of the failure of Helm, the contractor, to "well and truly perform and fulfill all and every, the covenant, conditions, stipulations and agreements in said contract mentioned as to be performed and fulfilled by him," it follows that Rotsky was entitled to recover over against the guaranty company for the full amount for which judgment was rendered against him.

Accordingly, the judgment of the trial court is in all things affirmed.

### On Motion for Rehearing.

The bonds given by the Fidelity & Deposit Company of Maryland to appellant S. Rotsky were ones of indemnity and covered only such losses as Rotsky might sustain as a result of the failure of Helm, the contractor, to perform his building contracts. The deposit made by Rotsky in court, referred to in our opinion on original hearing, was made after the buildings had been completed. The act of Rotsky in making that deposit, in connection with his stated purposes in so doing, constituted an admission that he then owed a balance on the contract prices of the amount of the deposit. The amount of the deposit was $925, but as shown by the record, $25 was for extra work done by Helm and not included in his two building contracts, for the performance of which the deposit company executed the bonds. But $900 of the deposit was the amount admitted to be due for the work done under and by virtue of those two contracts. As already determined by the Supreme Court in answer to certified questions and by this court upon original hearing, the loss of that deposit through the defalcation of the clerk of the district court, with whom the same was made, was Rotsky's loss only, and since the contractor had not defaulted to the extent of that amount, the same could not be included in Rotsky's recovery over against the deposit company.

The judgment of the trial court, therefore, in allowing a recovery in favor of Rotsky over against the deposit company for the same sum as the Kelsay Lumber Com-

pany had recovered against him, was erroneous in so far as it included said sum of $900 with accrued interest thereon, and this court committed the same error in affirming the judgment so rendered by the trial court.

As shown by the judgment of the trial court, the amount of plaintiff's claim against Rotsky, for which judgment was rendered, was the principal sum of $3,167.65, with interest added in the sum of $2,770.81. The date from which interest was so allowed is not stated in the judgment, but by calculation the amount which should be deducted from the aggregate sum so allowed of $5,938.46 is $1,687.25, leaving a balance of $4,251.21, for which Rotsky should have a recovery over against the surety company. Accordingly, the surety company's motion for rehearing is granted to the extent that the judgment of the trial court in favor of Rotsky over against the Fidelity & Deposit Company of Maryland is so reformed as to fix the amount of such recovery at the sum of $4,251.21, with interest thereon at the rate of 6 per cent. per annum from July 29, 1927, the date of the judgment of the trial court. In all other respects the judgment of the trial court is affirmed. And except as above shown, the motion for rehearing and for further findings by the Fidelity & Deposit Company of Maryland is overruled. The motion for rehearing by appellant S. Rotsky is likewise overruled. One-half of the costs of appeal are taxed against appellant Rotsky, and one-half against appellant Fidelity & Deposit Company of Maryland.