BRUSH ELECTRIC LIGHT AND POWER COMPANY v. E. LEFEVRE
AND WIFE.

No. 909. Decided June 11, 1900.

1. **Pleading—Ordinance—Special Exceptions.**

A petition which sets out the conclusions of the pleader upon the legal effect of a city ordinance relied on to show liability, without alleging its provisions either in terms or in substance, is subject to special demurrer. (P. 607.)

2. **Negligence—Electric Wire—Insulation—Probable Danger.**

It was no evidence of negligence on the part of an electric company that its wires were left uninsulated sixteen feet above the street, upon an awning apparently erected

for shade or protection to the building only, and not used as place of resort either for pleasure or business,—there being in such case no reason to anticipate injury. (Pp. 607, 608.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

Lefevre and wife sued the Electric Company and obtained judgment which was affirmed on defendant's appeal. Appellant then obtained writ of error.

*Terry, Ballinger, Smith & Lee,* for plaintiff in error.—The evidence as found by the Court of Civil Appeals, properly considered under the rules of law applicable thereto, will not sustain a verdict for the plaintiff, no actionable negligence being shown on the part of the defendant, and it was the duty of the trial court to instruct the jury to find a verdict for the defendant. Railway v. Faber, 77 Texas, 155; Bishop v. State, 43 Texas, 402; Pleasants v. Fant, 22 Wall., 120; 1 Shearm. & Redf. on Neg., 5 ed., sec. 56.

The death of Paul Lefevre was not the proximate result of the acts of omission charged against the Brush company with respect to the condition of the insulation of its wires and their height above the level of the street, as such result could not reasonably have been anticipated by said company, and its failure to foresee such a possibility and to guard against it can not be called negligence. Railway v. Bigham, 90 Texas, 362, and authorities cited; Keasbey on Electric Wires, sec. 250; Cleveland v. N. J. S. Co., 125 N. Y., 306.

The Court of Civil Appeals erred in holding that the court below did not err in refusing to sustain defendant's special exception to the petition and in allowing plaintiff to read in evidence, over the objection of the defendant, article 485 of the Revised Ordinances of the City of Galveston, because the same had not been properly pleaded by plaintiffs, and also for the reasons stated in defendant's bill of exception No. 21, hereby referred to in connection herewith. City of Austin v. Walton, 68 Texas, 507; Sterritt v. Houston, 14 Texas, 153; 1 Dillon on Mun. Corp., 413.

*Jas. B. & Chas. J. Stubbs* and *Edwin S. Easley,* for defendants in error.—Washington v. Railway, 90 Texas, 315, is instructive upon this question. The court there determined that it can not be said, as matter of law, that the railway company ought not to have anticipated that a derailment to its train in the city of Houston might result in a personal injury to some one lawfully on or near its tracks. Gonzales v. City of Galveston, 84 Texas, 3; Seale v. Railway, 65 Texas, 274; Lumber Co. v. Denham, 85 Texas, 60; 1 Shearm. & Redf. on Neg., 30-32; Ehrgott v. New York, 96 N. Y., 264; Clements v. Electric Light Co., 44 La. Ann., 695; McLaughlin v. Louisville Electric Light Co., 37 S. W. Rep., 851; Ennis v. Gray, 87 Hun, 355; Newark, etc., Co. v. Garden, 78 Fed. Rep.,

74; Atlanta Con. St. Ry. v. Owings, 33 Law. Rep. Ann., 798; Reagan v. Boston, etc., Co., 167 Mass., 406; Giraudi v. Improvement Co., 107 Cal., 120; Croswell, Electricity, secs. 234, 256; Thompson, Electricity, sec. 64.

BROWN, Associate Justice.—E. and Clara Lefevre, being husband and wife, sued the plaintiff in error in the District Court of Galveston County for damages, on account of the death of Paul, charged to have been occasioned by the negligence of the electric light company. The case was tried before a jury and resulted in a verdict and judgment for $1000 for E. Lefevre and $3000 for Clara Lefevre, which judgment was affirmed by the Court of Civil Appeals.

It will not be necessary to give a full statement of the facts in this case. The facts necessary to an understanding of the questions decided by us are as follows: Paul Lefevre was killed by coming in contact with the defendant's wires, maintained and operated by it in the city of Galveston, which wires were suspended diagonally across the intersection of Strand and Twenty-first streets in that city. The wires were fastened upon awnings at the northeast and at the southwest corner of the intersection of said streets. Between these points, two wires extended at the height of about sixteen feet from the street, and at the northeast corner they were fastened upon a trestle about two and one-half feet above the top of the awning in front of the house situated on that corner, and from the top of the trestle they extended down to the awning and thence into the building for lighting purposes. The top of the trestle on the awning was about nineteen feet and the top of the awning was about sixteen feet from the level of the street. The wires between the top of the trestle and the awning had been spliced and were entirely bare, having no insulation upon them. E. Lefevre, assisted by his son and others, was engaged in moving a house along Strand towards the east, and, arriving at the intersection of Strand with Twenty-first Street, they found that the wires were hanging too low for the house to pass under them, the top of the house being about twenty-four feet above the level of the street. E. Lefevre went upon the awning in question, and, having fastened a rope to the wires to lift them above the house, threw it to his son, who was upon the top of the house that was being moved; and E. Lefevre, in order to assist his son, caught hold of the wires, receiving a shock that produced unconsciousness. Paul, seeing the condition of his father, jumped from the top of the house onto the awning, and, with the help of another, released the father from the wires, and he being restored to consciousness, Paul fell from some cause and his father fell likewise upon him on the top of the awning. Paul caught with both of his hands the two wires extending from the trestle to the awning and received a shock that produced his death. There is no evidence that this awning was ever used as a place of resort or for any purpose whatever by persons going upon the top of it, and the photographic views of it which were in evidence and are in the statement of facts indicate that it was simply an awning built for shade and

protection to the sidewalk and the front of the house to which it was attached.

We shall discuss but two questions presented by the application. First: Were the allegations of the petition, setting up the ordinance which required the wires to be raised twenty-five feet above the street, sufficiently definite? Second: Was there any evidence of negligence on the part of the plaintiff in error which proximately caused the death of Paul Lefevre?

The plaintiffs' petition contains these allegations: "That in obedience to the ordinances of the said city of Galveston, it is and was on the day and date above named the duty of the defendant company to cause all of its electric wires to be suspended and keep them suspended at least twenty-five feet above the grade of the streets and to cause same to be properly and completely insulated from surface contact. * * * That said wires were not suspended twenty-five feet above the grade of the streets at said point, but were suspended only about fifteen feet, and by reason of this fact it became necessary to lift said wires higher in order that the house might pass thereunder." The allegations of the petition as set out are the conclusions of the pleader upon the legal effect of the ordinance, but the provisions of that ordinance are not alleged either in terms or in substance so that the court could, from the plea, determine what was required by it of the electric light company. The special exception interposed by the defendant below to the foregoing allegations of the petition should have been sustained. City of Austin v. Walton, 68 Texas, 507.

There can be no liability for the injury in this case, unless, from all the circumstances, the electric light company could reasonably expect that some person might be injured by its failure to cover the wires placed by it upon the awning where the deceased received his injury. Texas & Pacific Railway Co. v. Bigham, 90 Texas, 225. In the case cited, Chief Justice Gaines, on behalf of the court, expressed the rule in the following language, quoting from the Supreme Court of the United States in the case of Milwaukee Railway Co. v. Kellogg, 94 U. S., 469: " 'But it is generally held that in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the light of the attending circumstances.' This is probably as accurate a statement of the doctrine as can be given, and is substantially that generally laid down by the authorities." Applying this rule to the facts of this case, the inquiry arises,—would an ordinarily prudent man, looking at the surroundings as they then appeared, have reasonably expected that any person would be upon the awning and might be injured by coming in contact with the exposed wires? If such a consequence might have been reasonably foreseen, then the plaintiff in error would be liable for the injury, under the facts of this

case, unless there be some other defense; if not, then it can not be held liable for the death of Paul Lefevre. If the testimony is such that a jury might have found that the electric light company ought to have anticipated the injury, then this court can not inquire into the correctness of such a conclusion, although it might differ with the jury as to the correctness of the verdict.

In the facts of this case, there is not a scintilla of proof that the awning had been used by any person as a place of resort either for pleasure or for business. Looking at the photographic views of the situation, the awning appears to be such as is common in the towns and cities as a protection to the front of the building, with no railing or other protection upon the top or roof showing the intention for persons to resort there for any purpose whatever. If a man of ordinary prudence had been placing the wires at the same points, the facts would not have notified him that probably some one would be injured by them.

From the street and the sidewalk to the place where the exposed wires were located is a distance of about sixteen feet, which must have been at least ten feet above the heads of men of ordinary height passing along the street, and there were no means by which passers upon the street or sidewalk could come in contact with the wire. It was therefore not negligence with regard to persons traveling along the street or sidewalk, to leave the wire exposed, because there was no reasonable and scarcely a possible chance for such persons to be injured thereby.

We are of opinion that there is no evidence upon which a jury could base a verdict in favor of the defendants in error, and the trial court erred in refusing to give the requested instruction to find for defendant.

For the error of not sustaining the exception to the plaintiff's petition and because there is no evidence of negligence on the part of the electric light company, the judgments of the District Court and Court of Civil Appeals are reversed and this cause is remanded.

*Reversed and remanded.*