**BURTON–LINGO CO., Inc., v. MORTON et al.**

No. 1880.

Court of Civil Appeals of Texas. Eastland.
Feb. 17, 1939.

Rehearing Denied April 7, 1939.

Smith & Eplen, of Abilene, Geo. G. Faust, of Fort Worth, and B. Y. Cummings and Johnson & Moore, all of Fort Worth, for appellant.

Scarborough & Ely, of Abilene, for appellees.

FUNDERBURK, Justice.

This is a suit under the death statute (R.S.1925, Art. 4671), brought by Mrs. B. Morton and others (the surviving widow and children of E. H. Morton, deceased) against Burton-Lingo Company, Inc., to recover damages for the death of said E. H. Morton. It was alleged that plaintiff Mrs. Morton and her husband had an apartment in a building owned by the defendant, and that in order to reach the apartment it was necessary to go up a stairway on the outside of the building onto a porch (hereinafter called interchangeably porch or platform) and then through a door. That the stairway and porch were on the outside of the building; that the porch had become decayed and "rotten" until it did not have sufficient strength to support the weight of two men. That on June 6, 1937, the occasion in question, E. H. Morton and a companion came up the steps together and were standing on the porch about fifteen feet from the ground when it suddenly gave way and fell, injuring the said E. H. Morton internally and by breaking his arm, from which lockjaw later developed and resulted in his death.

It was alleged:

That "said stairs and porch were under the control of the defendant; * * * That the building and stairs and porch were old and the timbers on which the porch rested were rotten, which condition of said timbers was well known to defendant or should have been known to defendant by the exercise of ordinary care.

"That the defendant was negligent in offering for rent apartments on the second floor where it was necessary for the occupants to have to go up a stairway and over a porch about 15 feet 'above the ground, which porch had become rotten and unsafe to walk on, and the timbers support-

ing the porch were rotten and not strong enough to support the weight of two men, which negligence was the direct and proximate cause of E. H. Morton's fall, his injuries and death * * *."

It was further alleged: That a part of the building had just been recently leased to Mrs. Roy Lynch and that the defective condition of the platform was hidden to the tenant and that the stairs and platform were not under the control of any of the tenants but were under the control of the landlord, knowing that the property was to be sublet to other tenants and that it was the duty of the landlord to maintain the stairway and platform in a condition reasonably safe for the use thereof and this defendant owed to E. H. Morton the duty to exercise ordinary care to see that the stairway and platform were reaonably safe for use; that the defendant was negligent in failing to exercise ordinary care to see that the stairway and platform were unfit (fit?) for use and repair same before renting a part of the house and which negligence was the direct and proximate cause of the injury to E. H. Morton and to his death. That the rotten condition of the supports of the platform was dangerous to all persons who used the same and was a nuisance at the time of the aforesaid letting.

Damages were claimed in the sum of $53,000. The defendant answered by a general demurrer, general denial and a number of special pleas. The general demurrer was overruled and exception duly taken to such action. After the court had overruled a motion of the defendant for a peremptory instruction in its favor, the case was submitted to a jury upon special issues. The verdict thereon was to the effect that "Roy Lynch and wife had the consent of the defendant to sublet a part of the rooms in the building in question"; that "on June 6, 1937, the timber supporting the platform at the head of the stairs at the entrance of the building in question was rotten and unsafe to walk on"; that "the defendant knew, or could have known by the exercise of ordinary care that the timbers supporting the platform were rotten and unsafe for people to walk on"; that "the defendant was negligent in failing to maintain the platform in a safe condition for people to walk on at the time that the apartment was sublet to Mrs. Morton." That such negligence was the proximate cause of E. H. Morton's fall and injuries; that "the death of E. H. Morton was a direct and proximate result of the fall and injuries * * * received on June 6, 1937 when the platform caved in with him"; that "the defendant had the right to use the stairs in question after the rooms were rented to the Lynchs."

The verdict upon another issue found the amount of damages in the total sum of $10,000. Still other parts of the verdict were to the effect that E. H. Morton was not "negligent in objecting to taking lockjaw antitoxin"; that E. H. Morton did not know, nor should have known, that the timbers and materials supporting the platform were rotten and unsafe when he went upon said platform, and that the injuries received by E. H. Morton on the occasion in question were not the result of an unavoidable accident; that "deceased failed and refused to yield to the advice of Dr. Jennings, his physician, in accepting and receiving treatment to prevent tetanus or lockjaw from setting in", but that same was not "contributory negligence on his part."

From the judgment entered upon said verdict defendant has appealed. The parties will be referred to as plaintiffs and defendant as in the trial court.

The first question for decision is whether plaintiffs' petition, as against a general demurrer, was sufficient to state a cause of action. The inquiry involves a consideration of whether or not *facts* were alleged to support the legal conclusion that E. H. Morton (hereinafter referred to as deceased), at the time the porch gave way, resulting in his injuries, had such a right to be present on the porch as would give rise to a legal duty of defendant, owing to him, in respect to the matters charged as negligence.

It is no answer, we think, to say that it will be presumed that the deceased was rightfully on the porch when the accident occurred. When one, upon private property, admittedly belonging to another, is injured as the result of some unsafe condition of such property and seeks to recover damages from the owner because thereof, there cannot be said to be any presumption from the mere fact of his presence upon the property that he had a right to be there. It is essential to show the existence of a duty owing by the owner of the premises to the injured party, which duty docs not exist unless the one injured had a right to be present on the property. Such a duty exists, or not, according to

certain well recognized conditions of fact. If the injured party has no right to be upon the property, he is a trespasser to whom, as a matter of law, no duty of the owner to remedy unsafe conditions on, or in, the property, is due him. The injured party may be privileged to be upon the property and yet, having no right to be, the duty is absent, as in the case of a mere licensee. Under some circumstances, however, as for example, where the injured party is an invitee or a tenant, a right to be upon the premises exists and that right may give rise to a duty owing to him, on the part of the owner, respecting the safety of the premises.

No facts were alleged to the effect that deceased was an invitee of the defendant. None to the effect that he was a tenant of the defendant. No fact was averred to the effect that he was a subtenant of Roy Lynch (or Mrs. Roy Lynch either, or both, hereinafter referred to as Roy Lynch), unless that fact may be implied or inferred from allegations which we consider to be purely legal conclusions. If the fact that deceased was a sub-tenant of Roy Lynch be thus supplied there is still wanting the averment of any *fact*, in contradistinction to legal conclusions and argument, that the stairway and porch were not included in the tenancy. Unless that fact was sufficiently alleged there could be no liability, since there was no positive allegation that defendant had any actual knowledge of the defects in the porch. The allegation was that the defective condition "was well known to the defendant or *should have been known to the defendant by the exercise of ordinary care*" etc. (Italics ours.) Such is not a positive allegation that the dangerous condition was known to the defendant. "Courts sit to try causes upon positive averments", the Supreme Court has said, "and not to hear and determine issues presented by allegations which affirmatively show that the pleader is in doubt as to the truth of the matter alleged." Ewing v. Duncan, 81 Tex. 230, 16 S.W. 1000, 1002. An allegation like the above can only be sufficient, when, in the absence of actual knowledge, there is a duty to know of the defects. Such is not the case when, in the absence of a covenant on the part of the landlord to repair, there arises a question of his liability for latent or concealed dangers in the leased premises. 36 C.J. 206, sec. 877; Id. p. 208, sec. 878.

If, therefore, the pleading was sufficient, it must have averred as a *fact*, in contradistinction to a legal conclusion or argument, that the porch was not included in the portions of the building leased to Roy Lynch, or other tenant, or by Roy Lynch to the deceased.

We believe it to be a fair statement of plaintiffs' position, in addition to the asserted presumption that deceased was rightfully on the porch when the accident occurred, already disposed of contrary to that view, that the essential facts to make the pleading good against the demurrer are supplied by intendment appearing from allegations as follows: "* * * that the stairs and platform were not under the control of any of the tenants, but was under the control of the landlord, knowing that the property was to be sublet to other tenants, and that it was the duty of the landlord to maintain the stairway and the platform in a condition reasonably safe for the use thereof, and this defendant owed to E. H. Morton the duty to exercise ordinary care to see that the stairway and platform were reasonably safe for use; and that the defendant was negligent in failing to exercise ordinary care to see that the stairway and platform was unfit [fit?] for use, and repairing same before renting a part of the house and which negligence was the direct and proximate cause of the injury to E. H. Morton and to his death. That the rotten condition of the supports of the platform was dangerous to all persons who used same and was a nuisance at the time of the aforesaid letting."

Preliminarily, we dispose of the allegation of nuisance with the quotation from Corpus Juris that "As between the landlord and tenant [and we add sub-tenant], it is immaterial that the premises at the time of the letting were in such condition that they constituted a nuisance * *. *." 36 C.J. 206, sec. 876.

As to said other allegations above quoted, if they may be regarded as allegations of "facts" within the requirement of R.S.1925, Art. 1997 that "Pleadings in civil suits in the district and county courts shall * * consist of a statement * * * of the *facts* constituting the plaintiff's cause of action or the defendant's ground of defense"; and within the requirement of Rule 2, governing District and County Courts (142 S.W. xvii) that "Pleadings, with the exception of those presenting is-

sues of law, must be a statement of *facts*, in contradistinction to a statement of evidence, of *legal conclusions, and of arguments*" (italics ours), then it may be true that such allegations, ascribing to them every reasonable intendment, are sufficient to show (1) that deceased was a sub-tenant of Roy Lynch, and (2) that the stairs and porch were not included in any parts of the building rented to Roy Lynch, or any other person, or sub-let by Roy Lynch to the deceased.

The proposition, as, in effect, contended by plaintiffs, that such allegations, under the "every reasonable intendment" doctrine, do supply, by intendment, said otherwise omitted facts, is supported by some, at least, of the decisions, cited and relied upon. Two good examples are Northwestern Nat. Ins. Co. v. Woodward, 18 Tex.Civ.App. 496, 45 S.W. 185, and Hovencamp v. Union Stock Yards Co., 107 Tex. 421, 180 S.W. 225. Other decisions of the Supreme Court and Commission of Appeals, to omit any mention of various courts of civil appeals, including this court, which on the facts appear to support the same proposition are: Black v. Drury, 24 Tex. 289; Robinson v. Davenport, 40 Tex. 333, 341; Wynne v. State Nat. Bank, 82 Tex. 378, 17 S.W. 918; Wooten Motor Co. v. First Bank of Swenson, Tex.Com.App., 281 S.W. 196; Martinez v. Gutierrez, Tex. Com.App., 66 S.W.2d 678. Of all these cases, except the very earlier ones, it may be said that they purport to apply Rule 17, governing District and County Courts. In none of them was it expressly stated that the averment of a legal conclusion could supply by intendment an otherwise omitted essential fact. Said Rule 17, unchanged in form, was under grant of constitutional authority, made and promulgated by the Supreme Court, on December 1, 1877. So far as here material, it provides that in passing upon a general exception "every reasonable intendment, arising upon the pleading excepted to, shall be indulged in favor of its sufficiency." Does that rule authorize a fact, essential to the statement of plaintiffs' cause of action, or defendant's ground of defense, to be supplied by intendment, expressed or implied only in the averment of legal conclusions? That is the question which the above cited decisions and others cited and relied upon by plaintiffs, on the one hand; and those, presently to be mentioned, on the other, seem clearly to raise.

Said Rules 2 and 17 were adopted at the same time as different parts of one comprehensive Act establishing rules. Rule 17 provides as above stated. Rule 2, as already said, provides that: "Pleadings, with the exception of those presenting issues of law, must be a statement of facts, in contradistinction to a statement of evidence, of legal conclusions, and of arguments." An elementary rule of construction would seem to require that both said Rules, if possible, be construed to give full effect to each. Under such rule of construction, it is clear that allegations of legal conclusions cannot supply by intendment an wholly omitted essential fact. To so hold would bring the two rules into manifest conflict with each other.

As said before, in no case so far as our investigation shows, has it been expressly declared that the statement of a legal conclusion would, under the "every reasonable intendment" rule, be a sufficient substitute for the averment of an essential fact. There can be no doubt, however, we think, that the cases above cited do sustain pleadings, from which one or more essential facts were omitted, upon the theory that by reasonable intendment they appeared from the allegation of legal conclusions. However, the proposition that the statement of legal conclusions cannot supply wholly omitted facts essential to the statement of "plaintiff's cause of action or the defendant's ground of defense" as provided in R.S.1925, Art. 1997, has been declared in so many cases that we deem it sufficient to cite only opinions of the Supreme Court and Commission of Appeals, as follows: Gray v. Osborne, 24 Tex. 157, 76 Am.Dec. 99 (that the defendants are indebted to petitioner as is evidenced by a certain promissory note); Glasscock v. Hamilton, 62 Tex. 143 (that plaintiff was released by party to whom bond was payable); McCamant v. Batsell, 59 Tex. 363, (that note was based on gambling transaction); City of Austin v. Walton, 68 Tex. 507, 5 S.W. 70 (that duty arose from ordinance, the terms of which not stated); Western Union Tel. Co. v. Mitchell, 91 Tex. 454, 44 S. W. 274, 40 L.R.A. 209, 66 Am.St.Rep. 906 (that plaintiff could have made arrangements); Brush Electric Light & Power Co. v. Lefevre, 93 Tex. 604, 57 S.W. 640, 49 L.R.A. 771, 77 Am.St.Rep. 898 (that alleged duty arose from city ordinance, provisions of which not stated); City of Amarillo v. Tutor, Tex.Com.App.,

267 S.W. 697 (that ordinance exempted from liability); Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524 (that heirs were entitled to property, as dispensing with necessity of averment of no necessity for administration); Millican v. McNeil, 92 Tex. 400, 49 S.W. 219 (that named persons constituted the "real" commissioners' Court); Laas v. Seidel, 95 Tex. 442, 67 S.W. 1015 (that estate is insolvent); Blaisdell, Jr. v. Citizens' Nat. Bank, 96 Tex. 626, 75 S.W. 292, 62 L.R.A. 968, 97 Am.St.Rep. 944 (that whereby said bank became and was the owner of said drafts and bills of lading and of cotton represented); Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; (that an award is not subject to any valid or consistent defense); Wichita County Water Imp. Dist. v. Curlee, 120 Tex. 103, 35 S.W.2d 671 (that cattle were rightfully on Irrigation Company's right-of-way when killed); Sereno v. Triggo, Tex.Com. App., 1 S.W.2d 607 (that debt represented by note in suit was community debt, and automobile, community property); Rotsky v. Kelsay Lumber Co., 118 Tex. 180, 12 S.W.2d 973 (that transaction was a "transfer or assignment", and that contemplated breach of contract constitutes a gross abuse of discretion).

It seems to us to be an incontrovertible proposition that, if the allegations of legal conclusions be held to supply the omission of essential facts, then Rules 2 and 17 were from the beginning in necessary conflict with each other. That they may be reconciled and full effect be given each is evident; but that that can be done only by denying to allegations of legal conclusions the effect of supplying by intendment omitted facts is equally evident.

In the light of the decisions last cited, if we look again to the allegations which, it is contended, show, by intendment, the essential facts it appears that the allegations "that the stairs and platform were not under the control of any of the tenants but under the control of the landlord" are purely legal conclusions, wholly dependent upon facts not alleged and not implied or inferable from any facts that were alleged. The subjoined clause: "knowing that said property was to be sub-let", appears to be but an argument (and therefore of the same effect, as respects the question at issue, as a legal conclusion). It is but the statement of a reason to support the alleged legal conclusion that it was the duty of the landlord to maintain the stairway and the platform in a condition reasonably safe for the use thereof and that "this defendant owed to E. H. Morton the duty to exercise ordinary care to see that the stairway and platform were reasonably safe for use." That such allegations of duty, owing by defendant to deceased, in the absence of facts giving rise to such duty are purely legal conclusions is well illustrated in Brush Electric Light & Power Co. v. Lefevre, supra, and City of Austin v. Walton, supra. The only duties with which the law is concerned are legal duties. Manifestly a statement of legal duty without stating the fact from which such duty arises is a typical example of the statement of a legal conclusion. In our opinion, the court erred in overruling the general demurrer.

Plaintiffs' evidence, unlike their pleadings, make certain that the claim of liability is based upon the fact that E. H. Morton was a sub-tenant of Roy Lynch. Any duty, therefore, defendant may have owed to members of the public different from, or in addition to, those owing the tenant, Roy Lynch, may be regarded as immaterial. A good statement of the law appears to be that "The rule in this State and most of the other States seems to be that, where there is no agreement by the landlord to repair the demised premises, and he is not guilty of any fraud or concealment by failing to disclose hidden defects *of which he has knowledge,* the tenant takes the risk of their safety, and the landlord is not liable to him *or to any persons entering under his title* or by his invitation for injuries sustained by reason of their unsafe condition." 27 Tex.Jur. p. 354, sec. 209; Churchwell v. Pure Oil Pipe Line Co., Tex.Civ.App., 289 S.W. 196; Perez v. Rabaud, 76 Tex. 191, 13 S. W. 177, 7 L.R.A. 620; F. H. Vahlsing, Inc., v. Hartford Fire Ins. Co., Tex.Civ.App., 108 S.W.2d 947.

A sub-tenant enters the premises under the title of the tenant, the same as do servants, members of the family, invitees, etc., of the tenant. "The general rule" says Corpus Juris, "is that a sub-tenant is to be regarded as so far identified with the tenant that his right to recover is no greater as against the landlord than the tenant's right would have been had the accident happened to him." 36 C.J. 228, sec. 918. "A sub-tenant" according to the same authority, "is not deemed to be one of

the general public so as to have a right of action against the original landlord when the general public's right would be greater than that of the tenant." Id.

 Passing over the question of sufficiency of pleadings and considering the pleadings only so far as they limit the scope of competent evidence, it is pertinent to inquire if there was any evidence to show a liability to Roy Lynch had he been the party injured as was the deceased, the sub-tenant. "While a landlord does not impliedly warrant the premises are safe or fit for purposes for which they are rented, he will be liable for all injuries resulting to the tenant or those under him from latent defects in the premises of which the landlord had knowledge and concealed from the tenant." 36 C.J. 206, sec. 877. As before noted, there was no positive averment that defendant had knowledge of the defects in the stairway or porch. The rule expressed in the preceding quotation says Corpus Juris "excludes the idea that the lessor may be liable for defects which, in the exercise of reasonable care the landlord could have discovered, for the reason that the tenant is, in law, required to exercise the same degree of care to discover the dangerous condition of the premises as required by the landlord, and the landlord is, therefore, not required to go beyond his knowledge and make such an inspection as might have disclosed the defect which was not obvious or known to him." 36 C.J. 208, sec. 878.

 The evidence taken most strongly in favor of the plaintiffs shows no liability, under the law as above set forth, unless the stairway and porch were not included in the lease to Roy Lynch. If it were not so included, then it may be assumed that liability may not be absolutely conditioned upon the knowledge by the defendant of the defective condition of the premises; but that, under proper pleadings and evidence, liability might be established based upon the failure of defendant to ascertain the dangerous condition and to take suitable means for guarding against it. In such circumstances, a good statement of the rule is that when "a building consisting of a number of different apartments is divided among several tenants, each one of whom takes a distinct portion, and none of them rent the entire building, the rule must then be applied so as to make each tenant responsible only for so much as his lease includes, leaving the landlord liable for every part of the building not included in the actual holding of any one tenant." O'Connor v. Andrews, 81 Tex. 28, 16 S.W. 628, 629.

 The evidence, we think, wholly fails to raise an issue of defendant's liability upon such principle. In this case, under the evidence the tenant and sub-tenant are as one, in relation to the question of defendant's liability. There was no other tenant. There was no evidence of any reservation of any part of the upper story of the building to which the stairway and porch were necessary. Under the undisputed evidence the stairway and porch bore no different relation to the rented apartments than would a doorstep thereto, had the apartments been on the ground floor. The fact that it was possible for defendant or others to use such stairway and porch can be considered of no importance. The same could be said concerning the doorstep. The question is one of a right of user, which, as said before, we think, is a question of law.

 No effect can be given to the finding that the defendant had the right to use the stairs in question after the rooms were rented to the Lynchs. No such issue was pleaded, nor, if so, was there any evidence, we think, to support it. The question to the jury eliciting such finding was subject to the objection made that it called for a conclusion of law rather than of fact.

 We are further of the opinion that the argument of counsel was prejudicial wherein the statement was made that the defendant had painted over the rotten wood. There was no evidence warranting an inference to that effect. The situation was the same as if counsel had stated to the jury some material fact not in evidence.

 It is deemed unnecessary to discuss other assignments of error. In view of further proceedings we think we may be justified in a brief comment upon the manner or theory of alleging negligence. It is alleged that "defendant was negligent in offering for rent apartments" etc. We think, as a matter of law, the defendant was not negligent in offering apartments for rent. The negligence, if any, was in some other act or omission, as, for instance, in not repairing the defects if known, or in failing to make suitable inspection to discover the defects, etc.

Having reached the conclusion that the judgment of the court below should be reversed and the cause remanded, it is accordingly so ordered.