110 F.2d 592 (1940)
THE CHESTER VALLEY.
TEXAS STAR FLOUR MILLS
v.
LYKES BROS.-RIPLEY S. S. CO., Inc.
No. 9335.
Circuit Court of Appeals, Fifth Circuit.
March 21, 1940.
*593 David Gertler and Eberhard P. Deutsch, both of New Orleans, La., for appellant.
Geo. H. Terriberry, Jos. M. Rault, and Benjamin W. Yancey, all of New Orleans, La., for appellees.
Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.
HUTCHESON, Circuit Judge.
The libel was for damage to a cargo of flour shipped from Galveston to Rotterdam. The claim was that, delivered in good order and condition, the shipment when received at destination, "was, through the fault of respondents, seriously damaged and impaired in value by `taint' and other foreign substances."
The defense was a denial that the flour was in good order and condition when delivered for shipment, a denial of any fault, and an answer that the loss or damage was the result of the inherent vice, nature and defect of the goods, within the exceptions of the bill of lading, "Neither the vessel, her owner nor agent, shall be liable for loss or damage resulting from * * * inherent vice, nature, defect of the goods * * * smell, taint, or evaporation from any other goods. * * *" On the trial, libelant vigorously contended that the alleged damage had been caused or contributed to by improper ventilation and by negligent stowage, to-wit the stowage of 15 tierces of beef casings in the same hold with and next to or near the flour. Respondent with equal vigor, stood on its defenses, that not its fault but the inherent vice of the goods, was the cause of the damage and offered evidence both in rebuttal of that offered by libelant and in support of its defense of inherent vice.
The District Judge found against libelant's claim of improper ventilation. On its claim of negligent stowage he found that libelant's flour was stowed in the Number 1 'tween deck along with cotton and with 15 tierces of beef casings, the beef casings were stowed next to or near the flour, and because of the tendency of beef casings to sweat, it was negligence to stow the flour next to or near them. But he found that the odor of the flour, an odor deviating from normal, discovered by the consignee on arrival at destination, was found upon analysis to be caused by too many bacteria, an excess of bacterial activity, that flour is never wholly sterile, never wholly free from a certain degree of bacterial activity. He further found (1) that the bill of lading recited receipt of the flour by the carrier "in apparent good order and condition * * * quality * * * contents * * * unknown"; that it contained the following provision  "Neither the vessel, her owner, nor agent shall be liable for loss or damage resulting from * * * inherent vice, nature, defect * * * of the goods; * * * smell, taint, or evaporation from any other goods * * *"; and (2) "there was no cargo stowed in the No. 1 'tween deck which would have transmitted bacteria to the flour; the beef casings were sound and packed in brine; there was no proof of any transmission of bacteria to the flour from any other cargo in the No. 1 'tween deck. No bacterial test was had on the flour before shipment, and libelant has been unable to say the extent of the bacterial activity in the flour at the time of shipment." The Chester Valley, D. C., 28 F.Supp. 290, 291. On these findings he concluded that the claim was not made out and gave judgment for respondents.
Libelant, not attacking the finding on the issue of ventilation, is here complaining of the judgment as contrary to the evidence, and finding of negligent stowage. Insisting, (1) that within the holding in The Vallescura, 293 U.S. 296, 55 S.Ct. 194, 195, 79 L.Ed. 373, the proof and finding of negligent *594 stowage made out a case of damage therefrom, which was not rebutted by respondent's proof, and (2) that the negligent stowage was a deviation[1] which made respondent liable for the damage without regard to its cause, it urges reversal of the judgment.
As to the Vallescura case, respondents point out that there, there was evidence and a finding that the damage was caused by improper ventilation of the cargo during the voyage due in part to the heavy weather, "and in part to the neglect of the master and crew in failing to keep them open at night in fair weather." While here, there was evidence and a finding that the smell or `taint' complained of was due to excess of bacterial activity, and inherent vice in the goods, and not to any fault of respondents. Citing in support, Clark v. Barnwell, 12 How. 272, 13 L.Ed. 985; The Niel Maersk, 2 Cir., 91 F.2d 932; Albers Bros. Milling Co. v. Hauptman, 9 Cir., 95 F.2d 286, respondents insist that the appeal is without merit, because it was established and found that the damage was due to taint or smell resulting from the inherent vice, nature or defect of the goods, within the exemption of the bill of lading and libelant failed to show that the flour was in good order and condition when delivered to the carrier, and that the damaged condition was caused or contributed to by respondents fault. As to the claim of deviation, respondents insist that neither pleaded nor otherwise presented in the court below, and not specified or assigned here as error, the claim should not be considered, but, that if considered, it is wholly without merit. For, assuming as found, that there was negligent stowage of the cargo, this negligent stowage is not and could not constitute a deviation. For, deviation is such a serious departure from the contract of carriage as to amount to a different venture from that contemplated and therefore, an abrogation of the contract. Mere negligence with regard to the stowage or handling of the cargo never constitutes a deviation. Such cases as deck stowage where the bill of lading imports under deck stowage, are not cases of merely negligent stowage, they are cases of stowage contrary to the contract.
We agree with respondents on both points. It stands not only found, but conclusively established on the record, that the damage to the flour was the result of an excess of bacterial activity in it, and not the result of taint or odors communicated to it from the beef casings. It stands established and found too, that there was no proof of either the bacterial content of the flour or its activity when the cargo was delivered to the carrier. Upon such a record and findings, appellant may take no comfort from the finding of the District Judge that stowing the flour in the hold with the beef casings was negligent stowage. For, proof of negligence alone does not establish liability; it must also appear that the negligence caused or contributed to the damage claimed. Especially where as here, it was found upon ample proof, that such negligence was not the cause of the damage.
But, we do not agree with the finding of the District Judge that the stowage was negligent, as to the flour. If there was proof of negligence at all, it was "proof of negligence in the air", and this is not in law negligence. "Negligence is the absence of care according to the circumstances." Vaughn v. Taft Railroad Company, 5 H. & N., 679, 688. The evidence at best for libelant, shows that stowage of beef casings in sufficient quantities for a sufficiently long time, and sufficiently near flour to affect it, would be negligent stowage. It does not show that the stowage of the 15 tierces of beef casings in question here in the order and condition they were in and stowed as they were in less than 200 feet of stowage space with cotton over and around them, was or could have been negligent as to the flour stored as it was and taking up a space of 2700 feet. Indeed, it shows that it could not have been reasonably expected that the flour would be injured by the stowage of the beef casings in the hold with it, and therefore that the stowage was not negligent. Brush Electric Light & Power Co. v. LeFevre, 93 Tex. 604, 607 and 608, 57 S.W. 640, 49 L.R.A. 771, 77 Am.St.Rep. 898; Palsgraf v. Long Island R. R. Company, 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253.
The decree was right It is affirmed.
NOTES
[1] The Pelotas, 5 Cir., 66 F.2d 75; Smith, Kirkpatrick & Co. v. Colombian S. S. Co., The Haiti, 5 Cir., 88 F.2d 392; St. Johns N. F. Shipping Corp. v. S. A. Companhia Geral Commercial Do Rio De Janeiro, Schooner St. John, 263 U.S. 119, 44 S.Ct. 30, 68 L.Ed. 201; The Southlands, 5 Cir., 37 F.2d 474.