## THE S. & P. NO. 15.

### TODD SHIPYARDS CORPORATION v. UNITED STATES.

### No. 17206.

District Court, E. D. New York.

June 18, 1945.

Crowell & Rouse, of New York City, (George Varian, of New York City, of counsel), for libellant.

Miles F. McDonald, U. S. Atty., of Brooklyn, N. Y. (Eugene Rheinfrank, of New York City, of counsel), for respondent.

GALSTON, District Judge.

The scow, S. & P. No. 15, on April 25, 1944, was moored alongside, outboard, of the scow Brooklyn. The latter scow was moored alongside the bulkhead in the slip between the 33rd Street and 35th Street piers, Brooklyn, New York. The Navy tug Y. T. 464 reached the slip at about 12:50 P. M., that afternoon, and while maneuvering in the effort to assist the Warship P. F. 22 to enable the latter to undock and move out into the stream, brushed against the scow S. & P. No. 15, and the starboard quarter of the Navy tug came in contact with the outboard side of the scow at a point about midships.

The S. & P. No. 15 is a small, clear deck, harbor scow, about 85 feet long, 29 feet wide, and has straight sides with a rake fore and aft.

Whether as a consequence of this contact or otherwise, the scow sank at about 2 P. M. that day, and her decks became awash.

The libellant seeks a finding to the effect that the probable result of pressure and motion of the tug against the S. & P. No. 15 caused the barge to surge forward on her lines toward Pier 33 and impale a plank under the rake on a floating raft, camel, or some other object in the slip-way.

There is no evidence to support such a finding.

The record discloses that there was no visible mark, scraping or other damage on the outboard side of the S. & P. No. 15. Lieutenant Ganley testified as a Navy surveyor, having been called to make a survey of the S. & P. No. 15 on drydock at the Todd Shipyards Corporation on May 1, 1944. He found that one end plank—he could not say whether it was bow or stern —was broken between the corner rake timber and the first intermediate rake. Also that two other end planks, the eleventh and the twelfth, below the bumper logs, were broken on the other side of the same end of the scow. The broken ends had been taken off by the shipyard to prevent the bottom plank from dropping off when the vessel was put in drydock. Ganley found that the wood near the broken plank was badly rotted, so much so that he was able to pick out "some rotted wood with my fingers". Ganley quoted Hughes, a surveyor who represented the owner, as having told him that he, Hughes, had gone through the scow very carefully and had found no other damage, nor had he found any caulking which had started on the sides, nor any started fastenings. On the outside, however, the witness found that caulking had started just below the hole. Ganley was of opinion that no blow on the side of the scow could have resulted in a break of an end plank such as he found in the scow.

■ I am obliged to discard the testimony of Clow, bargee of the Brooklyn, as unreliable, for it involves contradictions and inconsistencies.

■ It is true, of course, that a maneuvering tug colliding with a moored barge is presumptively at fault. The Granite State, 3 Wall. 310, 70 U.S. 310, 18 L.Ed. 179; The Buffalo, 2 Cir., 56 F.2d 738; The Orion, 1 Cir., 26 F.2d 603. But to admit so much is not to concede that the Navy tug is liable for more than the damage which resulted. The question thus presented is whether the libellant is entitled to a decree when the overwhelming and convincing evidence in the case discloses that at the point of contact, the Navy tug caused no damage to the scow. There is a mysterious absence of proof between the tangential contact of the tug with the scow and the sinking of the scow. There is no proof in this case that the proximate cause of the sinking of the barge was the slight contact made by the tug with the scow. Proof of negligence alone does not establish liability. The Chester Valley, 5 Cir., 110 F. 2d 592; United States v. The John R. Williams, 1941 A. M. C. 1588; The Smaragd (Lanasa Fruit Steamship & Importing Co. v. Universal Ins. Co.), 302 U.S. 556, 58 S. Ct. 371, 82 L.Ed. 422.

The libel will be dismissed.