**FOREMAN v. TEXAS & NEW ORLEANS R. CO.**

No. 14317.

United States Court of Appeals
Fifth Circuit.

June 12, 1953.

James Domengeaux and Jerome E. Domengeaux, Lafayette, La., for appellant.

Thos. F. Porter, Lake Charles, La., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Federal Employers' Liability Act,[1] by the widow of deceased, as administratrix, the suit was for damages for the death of her husband resulting from his being struck by a freight train belonging to defendant.

The claim was: that while deceased, as section foreman in charge of a motor car and crew, was traveling westerly on defendant's railroad track, he observed a freight train coming easterly on the same track; and that in attempting to stop the oncoming train by flagging it down with his hat, he was run over by the train and killed as the proximate result of the negligence of the defendant's employees, (a) in operating the train at a careless and excessive rate of speed, (b) in not causing a proper look out; (c) in failing to see and do what they should have seen and done under the circumstances; and (d) in failing, upon their first seeing the decedent vigorously waving his hat, to stop the train before it struck him.

The defense was that the defendant, its servants and agents, were not negligent in any manner and that the decedent's own death was solely caused by his gross negligence in the many respects pleaded, including his negligence, (a) in placing the motor car on, and undertaking to travel down, the track at the time, and place, and under the then existing circumstances; (b) in failing to stop and remove his motor car from the track when he saw the train approaching; and (c) in that, while at-

1. 45 U.S.C.A. §§ 51 and 56.

tempting to flag the train down, he, instead of placing himself in a position where he could not be struck, recklessly and needlessly placed himself in a position to be struck and killed by the oncoming train.

The case was fully tried to a jury on evidence consisting almost entirely of testimony of plaintiff's witnesses, which, except as to the extent, and effect upon visibility, of fog, came in without developing a substantial dispute or contradiction. At its conclusion, the defendant moved for a directed verdict on the ground that there was no evidence whatever of negligence on the part of the defendant which in any manner contributed to the accident, and that it established as matter of law that decedent's own negligence was the sole proximate cause of his death.

The district judge, stating to plaintiff's counsel: "Mr. Domengeaux, you have got a very weak case", there followed a full argument on the motion. At its conclusion, stating that he was reserving until after receipt of the verdict final determination [2] on whether a jury case was in law made out, the district judge denied the motion and submitted the cause to the jury under

a general charge. There followed a verdict, in substance finding the decedent 25 percent, the defendant 75 percent, negligent, assessing the damages, and awarding plaintiff a recovery accordingly. Whereupon the defendant, reurging his motion for directed verdict and moving for a judgment notwithstanding verdict, and, in the alternative, for a new trial, the court sustained the motion and gave judgment [3] accordingly.

Plaintiff, appealing therefrom, is here insisting: that the evidence did not as matter of law establish that the negligence of the deceased was the sole proximate cause of his death; that, on the contrary, there was evidence that the defendant was also guilty of negligence proximately contributing thereto; and that the judgment entered for the defendant should be set aside, the verdict reinstated, and judgment entered thereon.

As to the alternative judgment setting the verdict aside and granting a new trial, appellant, while recognizing that "a district judge is vested with the right to exercise wide discretion in the granting of a new trial", here insists: that, under the evi-

---

2. "Now, it is entirely possible when this case has been finished that I will decide to hold the verdict rendered by the jury—I might decide to enter a verdict notwithstanding the jury's verdict and whenever there is a substantial ground of difference of opinion, that is what I do.

I think that is one of the improvements we have and which happens in common law cases, the judge would dismiss it and then you come back and try it over again and if mistakes are made the cases come back.

Now if I let this case go to the jury and the jury returns a verdict in favor of the defendant, it is through. If they return a verdict in favor of the plaintiff and I do not agree with them and think there is not evidence there—any reasonable or substantial evidence to support the verdict, then I can enter a verdict notwithstanding that. If the Appellate Court agrees with me and they affirm me, that ends the case and if they disagree, they set the verdict aside and the case won't have to come back.

So, the motion for a directed verdict will be overruled and at the end of the case, of course, Judge you have the right to re-urge your motion."

3. "This cause came on to be heard on defendant's motion to set aside the verdict for the plaintiff, and to order judgment in accordance with its previous motions for directed verdict, and in the alternative, for a new trial, and it appearing to the court that the motions for a directed verdict should have been granted, because the testimony of both the plaintiff and defendant showed without contradiction that the negligence of the deceased Paul Foreman, in failing to step out of the path of the train, which he saw coming toward him, as he could have done easily, was the sole, proximate cause of his death:

It is ordered (1) That the verdict be set aside, and that judgment is entered herein for the defendant.

(a) That the motion for new trial be granted for the reasons that the verdict was contrary to the great weight of evidence in the case, and in order that justice between the parties may be rendered, this ruling to take effect only in the event that the ruling of the court on the motion for judgment is reversed on appeal."

dence in this case, discretion was abused; and that if this court concludes that it was error to render judgment for defendant notwithstanding the verdict, it should conclude that it was also error to grant the defendant a new trial.

The appellee, on its part, presses upon our attention the undisputed fact that but for the conduct of the deceased in unnecessarily and negligently, indeed recklessly, placing himself in a position to be struck by the train, he could not have come to his injury and death. It urges upon us, too, that in this record, showing without dispute the way and manner in which deceased came to his death, there is no evidence showing or tending to show that defendant could reasonably have anticipated that he would be struck by the train or that there was anything negligently done or left undone by the defendant's servants or agents which in law contributed, or could have contributed, to his death.

So urging, it insists that the verdict of the jury was erroneous in law and in fact and could not, and cannot, stand. Erroneous in law, a judgment for defendant notwithstanding the verdict was required because of the complete lack in the record of any evidence of negligence on defendant's part causing or contributing to decedent's death. Erroneous in fact, if not in law, a new trial was required because if there was evidence of any contributing negligence on the part of defendant, which appellee denies, the evidence was so slight and unsubstantial and the evidence of negligence on the part of deceased was so clear and gross, that it was not only the right but the duty of the judge to set the verdict aside and order a new trial.

[1] We agree with appellee that the verdict was contrary to the right and justice of the case and that it was the right and duty of the district judge to set it aside and grant a new trial even if there had been evidence sufficient in law to take the case to the jury.

■ We agree with appellant also: that, as matter of law, a verdict should have been instructed on defendant's motion; and that the district judge was right in entering judgment for the defendant notwithstanding the verdict.

While both appellant and appellee cite cases in support of their respective views, these citations are of little value. For upon the question for decision here, whether the evidence presented a fact issue for the jury, the underlying principle is clear and certain, and it is only in its application to the facts of particular cases that difficulties arise.

■ We will not then undertake to discuss the cases cited by the parties or make exhaustive citations of our own. It will suffice for us to say that we are of the clear opinion that upon the evidence presented, reasonable minds could not reach any other conclusion than that reached by the district judge. This was that the sole proximate cause of deceased's injury and death in fact and in law was that instead of standing to do his signaling far enough away to be safe, he, without making it known or apparent to defendant's employees responsible for handling the oncoming train, needlessly and recklessly placed himself in such proximity to it that, if it did not come to a stop before it reached him at the crossing, he would be struck.

It will not do to say, as appellant does, that when the engineer became, or ought to have become aware of the signal to stop, it was his duty to stop the train before it reached the crossing, and since he did not do so, the defendant is liable. Neither in law nor in fact was this duty imposed. There was a duty, under the flagging rule, which the engineer acknowledged by his signal, to stop the train as soon as, in the exercise of reasonable care, it could have been stopped. But this is not to say that if it could have been stopped earlier than it was, the failure to do so was in law a contributing cause of deceased's death. Indeed, it is quite plain in law that when, as here, one, undertaking to flag down an oncoming train, stands in a place of danger obvious to him, but not to those on the train, and refuses to abandon it upon the stubborn theory that the train must stop before it reaches him, he cannot, because, so stand-

ing, he was struck by the train, put the defendant in fault for his death.

The law does not require an engineer to assume that an apparently able bodied person, signaling, as deceased was, is standing or will continue to stand in a place of danger. On the contrary, he has the right, except in extreme conditions not present here as where he sees someone helpless on the track, to assume that a person standing at or near a track will take and keep a position which does not put him in danger. Particularly does he have a right to assume that one standing and signaling at the side of the track, as the evidence shows the deceased was doing, is not, and will not put himself, in a position which will bring him into contact with the oncoming train. If, as was the case here, the person so standing in disregard of his own safety and of the rule governing such situations, is struck, it cannot in law be said that the failure of the train to stop before striking him was in any manner a contributing cause of his death. For the law regards probabilities, not possibilities. There can be no finding of negligence in respect of decedent's death unless from all the circumstances the defendant could reasonably have foreseen that some such injury would occur.[4]

Under the undisputed evidence in this case, the engineer of defendant's train was not charged with any knowledge that his failure to stop before he reached the crossing would jeopardize the safety of deceased or in any way cause injury to him, and the injury at the crossing cannot, therefore, be said to have been in any respect caused or contributed to by the failure of the train to stop before reaching it.

But all of this aside, there is no evidence that the train was coming at an excessive speed, none that the engineer or any of the train crew did, or failed to do, anything which, in the exercise of due care, he ought to have done. There was nothing upon which a verdict finding defendant negligent could have rested except suspicion and conjecture. The judgment was right. It is Affirmed.

---

4. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Brush Electric Light & Power v. Lefevre, 93 Tex. 604, 57 S. W. 640, 49 L.R.A. 771; Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253.